(No. 3459—Decided April 17, 1942.)

*Mr. Walter Selegue* and *Messrs. Musser, Kimber & Huffman,* for appellant.

*Messrs. Wise, Roetzel & Maxon,* for appellee.

DOYLE, P. J. This appeal on questions of law from the Court of Common Pleas of Summit county presents to this court the application of the workmen's compensation laws to the facts shown by the record.

William Stevens was an employee of The General Tire & Rubber Company, a self-insurer under the compensation act. He presented a claim to the Industrial Commission for compensation on account of alleged personal injury received in the course of his employment. He died while the claim was pending before the commission on rehearing.

Thereafter his widow, Josephine Stevens, presented a claim for death benefits for herself and minor children under the provisions of Section 1465-82, General Code. The application was denied.

Upon further application of the widow, a rehearing was granted by the commission; and upon consideration thereof the following order was made:

"This day this cause came on for further consideration of the commission upon the proof of record, memorandum brief of counsel for claimant, as well as the oral argument of both counsel for claimant and the employer, it is ordered that the claim be disallowed on rehearing: Commission finds from proof of record on rehearing *that decedent's death occurred more than two years after the date of the alleged injury; that no compensation was granted to the decedent during his lifetime nor was the disability continuous from the date of the alleged injury up to the time of decedent's death, and for such reason there is no basis for granting a death award* under the first paragraph of Section 1465-82 of the Ohio General Code." (Italics ours.)

The answer of the company, upon appeal to the Court of Common Pleas, pleaded the order of the commission on rehearing. Whether the pleadings made the order controversial is of no particular importance to this decision. The proof established conclusively the order set out above.

At the beginning of the trial in the Court of Common Pleas, the defendant company seasonably moved the court to dismiss the action for lack of jurisdiction of the subject-matter, and in support of the motion offered the order of the commission, which denied the claim on rehearing. This motion was overruled.

Thereafter a jury was impaneled and the trial proceeded. At the conclusion of the evidence, the same motion was again made and directed to the jurisdiction of the court. It was overruled. The court did, however, sustain a motion of the defendant to direct "the jury to return a verdict in favor of the defendant." Judgment was entered upon the verdict so returned. From the judgment so entered the claimant has appealed.

The provisions of the statute applicable to the present controversy are those in effect at the time of the death of the employee—to wit, August 14, 1939. *Industrial Commission* v. *Davis,* 126 Ohio St., 593, 186 N. E., 505, 88 A. L. R., 1175.

Effective July 3, 1937, Section 1465-90, General Code, was amended, and such amended section (effective at the time of the employee's death) specifically provided the conditions under which an appeal could be taken to the Court of Common Pleas from an order of rehearing of the commission, adverse to the claimant. The pertinent part of the statute provides that:

"The commission shall have full power and authority to hear and determine all questions within its jurisdiction, and its decisions thereon, shall be final, *except as provided in this section.* \* \* \* In all claims for compensation on account of injury, or death resulting therefrom, if the commission denies the right of the claimant to receive compensation \* \* \* the order of the commission shall state the ground or grounds on which the claim was denied; and if the claim was denied on any of the following grounds: [eight *specific* grounds are here set forth]; then the claimant may within thirty days after receipt of notice of such finding of the commission, file an application with the commission for rehearing of his claim, whereupon the former action of the commission thereon shall be vacated. \* \* \*

"If the commission, after such hearing denies the right of the claimant to receive \* \* \* compensation it shall state the ground or grounds on which the claim was denied and if the claim was denied *on any of the grounds hereinabove specifically stated* then the claimant, within sixty days after receipt of notice of such action of the commission, may file a petition in the Common Pleas Court \* \* \*." (Italics ours.)

The eight specific grounds heretofore referred to as being contained in the statute are:

1. "that the injury was self-inflicted";
2. "that the injured person was not an employee";
3. "that the injury did not occur in the course of or arise out of the employment";
4. "that the claimant's disability is not the result of the injury";
5. "that the claimant, having received compensation for the period of temporary total disability and having received the maximum amount of compensation for temporary partial disability as provided in this act, and having engaged in no gainful occupation for the period of four years prior to the decision of the commission, during which time compensation has been payable to such claimant, is not permanently and totally disabled as a result of the injury";
6. "that the death did not result from the injury";
7. "that the claimant was not legally or actually dependent upon the decedent"; or
8. "that the employer was not amenable to the law."

Section 1465-90, General Code, provides for an appeal upon a death claim, but does not provide for an appeal upon a death claim when the commission finds that none of the essential requirements for an award on a death claim as set forth in Section 1465-82, General Code, exist. Section 1465-82, General Code, provides in part as follows:

"In case the injury causes death within the period of two years, and in cases in which compensation or disability on account of the injury has been continuous to the time of the death of the injured person and the death is the result of such original injury, the benefits shall be in the amount and to the persons following * * *."

It is apparent from the foregoing that the order of

the commission is not an appealable order, for the reason that the grounds upon which the order is predicated do not come within the specific provisions of Section 1465-90, General Code, *supra*. And it has long been held in this state that the statutory right of appeal is exclusive. The Supreme Court in *Industrial Commission* v. *Weigand,* 128 Ohio St., 463, at p. 466, 191 N. E., 696, expresses the principle in the following language:

"This court has repeatedly upheld the principle announced by Robinson, J., in *Industrial Commission* v. *Ramsey,* 119 Ohio St., 497, 164 N. E., 509, that 'The jurisdiction of the Court of Common Pleas over claims upon the state insurance fund is wholly statutory. * * * is not included in the general jurisdiction of the Court of Common Pleas. Its jurisdiction over the disbursement of that fund is only such jurisdiction as is bestowed by the Workmen's Compensation Law.' " (Section 1465-90, General Code.)

The argument is made by the appellant that "When the commission stated that the disability was not continuous from the time of the injury to the date of the death, the same was equivalent to a finding that there was no causal connection between the injury and the death, and that, therefore, the death was not a result of the injury."

It must be conceded that, if the commission had found that the death was not a result of the injury, such finding would fall squarely under ground No. 6, *supra,* giving a right of appeal. The members of this court, however, do not so interpret the commission's order. We find it to be bottomed entirely on the provisions of Section 1465-82, General Code, *supra,* which sets forth conditions precedent to the right to compensation; and the Legislature has not seen fit to make such finding appealable.

It follows, therefore, that the Common Pleas Court

had no jurisdiction to entertain this appeal from the order of the Industrial Commission denying participation in the insurance fund. The statute does not permit an appeal from a finding predicated upon the reasons embodied in this order.

Reference is made in briefs to the case of *Booth* v. *Industrial Commission,* 61 Ohio App., 173, 22 N. E. (2d), 502, decided by this court in 1939.

That cause of action accrued in 1935 and the decision was predicated upon the statutes then in force, which permitted an appeal in cases in which the commission determined that it had no jurisdiction. See *State, ex rel. Depalo,* v. *Industrial Commission,* 128 Ohio St., 410, 191 N. E., 691. As heretofore noted, the statutes here under consideration—*i. e.,* the statutes in force in 1939—were the amended statutes which had become effective on July 3, 1937.

At the close of all of the evidence in the case, and at the time when there was before the court the order of the commission showing the basis for the denial upon rehearing of claimant's application, the defendant moved to dismiss the petition for want of jurisdiction.

As has been said heretofore, it is the judgment of this court that that motion should have been granted upon jurisdictional grounds.

The judgment for the defendant, entered upon the directed verdict, will therefore be modified to be an order of dismissal of the plaintiff's petition for want of jurisdiction in the trial court, and the judgment as modified affirmed.

*Judgment modified and affirmed.*

Stevens and Washburn, JJ., concur.