MCCAIL, APPELLANT, *v.* ADMR.,
BUREAU OF WORKERS' COMPENSATION,
ET AL., APPELLEES.

(No. 11394—Decided March 14, 1984.)

*Elbert B. Pringle,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *J. Thomas Henretta,* for appellees.

GEORGE, J. Appellant, Sam McCail, filed an application with the Bureau of Workers' Compensation (B.W.C.) for medical benefits and compensation for loss of earnings under R.C. Chapter 4123.

McCail claims that he was injured on February 26, 1981, during the course of his employment. His application for benefits was disallowed by the administrator. A hearing was subsequently held before the district hearing officer of the Industrial Commission. In an order dated September 29, 1982, the hearing officer disallowed the claim holding that McCail's injury was not sustained in the course of his employment nor did it arise out of his employment.

An appeal was filed with the Canton Regional Board of Review. In an order dated December 6, 1982, the board of review affirmed the order of the district hearing officer. Thereafter an appeal was taken to the Industrial Commission. On February 11, 1983, the Industrial Commission refused to hear any further appeal. It is from the Industrial Commission's order that McCail filed an appeal with the common pleas court. The court dismissed the appeal upon B.W.C.'s motion because the notice of appeal was directed to the order of the Industrial Commission, rather than to the board of review's decision. It is from this state of the record that this appeal follows.

McCail raises three assignments of error, claiming that the trial court erred by (1) finding the notice of appeal to the common pleas court to be fatally defective; (2) following the law set down in *State, ex rel. Rockwell Internatl.,* v. *Ford* (1980), 61 Ohio St. 2d 234 [15 O.O.3d 250]; and (3) failing to find the notice provisions of R.C. 4123.519 unconstitutionally vague and ambiguous.

The facts of *Rockwell, supra,* were strikingly similar to those presented by this appeal. The *Rockwell* case, *supra,* was a prohibition action and stated at 235:

"* * * [T]he Court of Common Pleas lacks jurisdiction over the underlying action. The requirements for an appeal from a decision of the Industrial Commission in R.C. 4123.519 are mandatory and must be strictly and fully complied with to vest jurisdiction in the Court of Common Pleas. *R.C. 4123.519 does not authorize an appeal to the Court of Common Pleas from a decision of the Industrial Commission refusing to entertain an appeal from a regional board of review. Cadle* v. *General Motors Corp.* (1976), 45 Ohio St. 2d 28 [74 O.O.2d 50]. Thus, since the commission refused to entertain an appeal from the regional board of review, Workman's notice of appeal from that decision is fatally defective and fails to confer jurisdiction on the Court of Common Pleas. * * *" (Emphasis added.)

In view of the holding in *Rockwell,* the trial court was correct in dismissing McCail's appeal. The doctrine of *stare decisis* compels not only the trial court, but this court as well, to follow the law as laid down by the Supreme Court in *Rockwell.* Thus, the first two assignments of error are overruled.

As to the final assignment of error directed to the language employed in R.C. 4123.519, this court must follow two rules of constitutional construction. First, all legislative enactments enjoy a presumption of constitutionality. *State* v. *Dorso* (1983), 4 Ohio St. 3d 60. Second, the courts will construe a statute in a manner making it constitutional if at all possible. R.C. 1.47.

In the case before this court McCail had the benefit of the statutory language set forth in R.C. 4123.519, which reads:

"The claimant * * * may appeal a decision of the industrial commission or of its staff hearing officer made pursuant to division (B)(6) of section 4121.35 of the Revised Code * * * to the court of common pleas of the county in which the injury was inflicted * * *. *Like appeal may be taken from a decision of a regional board from which the commission or its staff hearing officer has refused to permit an appeal to the commission.* Notice of such appeal shall be filed by the appellant with the court of common pleas within sixty days after the date of the receipt of the decision appealed from or the date of receipt of the order of the commission refusing to permit an appeal from a regional board of review. Such filings shall be the only act required to perfect the appeal and vest jurisdiction in the court.

"Notice of appeal shall state the names of the claimant and the employer, the number of the claim, the date of the decision appealed from, and the fact that the appellant appeals therefrom. * * *" (Emphasis added.)

McCail had as well the Supreme Court's interpretation of that statute in *Rockwell, supra,* and *Cadle* v. *General Motors Corp.* (1976), 45 Ohio St. 2d 28 [74 O.O.2d 50]. The Supreme Court has clearly stated that the decision being appealed from was that of the regional board of review when the Industrial Commission refused to entertain a further appeal. The Industrial Commission's refusal is not the decision and the appeal can only be perfected from the decision of the board of review. Since the mandates of the statute were not followed and the remedy is purely statutory, McCail's appeal was not properly perfected. *Rockwell, supra.*

While the results of the strict application of the statute may be harsh and the statute could have been more artfully worded, this does not make it unconstitutionally vague or ambiguous. McCail's complaint cannot be said to be that the Industrial Commission refused to hear his appeal further. Rather it is that the board of review affirmed the decision of the hearing officer denying him benefits. The decision upon which McCail's appeal should have been taken, therefore, was the one made by the

board of review. When one seeks a purely statutory remedy, it is the burden of the person seeking such relief to comply with the mandates of the statute which provides the remedy. Thus, the third assignment of error is likewise overruled.

The judgment of the court of common pleas dismissing the appeal is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and QUILLIN, J., concur.