Robinson, J.
 

 Edward L. Ramsey received an injury in the course of his employment November 4,1919; made application to the Industrial Commission of Ohio for compensation; was awarded $15 per week, under which award and subsequent modifications thereof he received from the state insurance fund, up to December SO, 1925, the date of his death, $4,511.51. The defendant in error, Hazel Grace Ramsey, is a minor child of decedent, and, subsequent to his death, made application, as a de
 
 *498
 
 pendent of decedent, for compensation out of the state insurance fund. The Industrial Commission denied her claim. She then, without first applying to the commission for a rehearing, filed her petition in the court of common pleas. The court of common pleas entertained jurisdiction and rendered a judgment in her favor against the Industrial Commission. Upon error to the Court of Appeals, the judgment was affirmed.
 

 The question here presented is whether the jurisdiction of the court of common pleas was invoked by the defendant in error by the filing of her petition in that court without first having applied to the Industrial Commission for a rehearing.
 

 The jurisdiction of the court of common pleas over claims upon the state insurance fund is wholly statutory. The pertinent Section is 1465-90, General Code, 111 Ohio Laws, 227. The pertinent parts of that section are:
 

 “The commission shall have full power and authority to hear and determine all questions within its jurisdiction, and its decisions thereon * * * shall be final. In all claims for compensation on account of injury, or death resulting therefrom, if the commission'finds that it has no jurisdiction of the claim and has no authority thereby to inquire into the extent of disability or the amount of compensation, and denies the right of the claimant to receive compensation,
 
 * * *
 
 then the claimant may within thirty days after receipt of notice of such finding of the commission, file an application with the commission for a rehearing of his claim whereupon the former action of the commission thereon shall be vacated and the commission shall fix a date
 
 *499
 
 for rehearing of sneh claim and give the claimant and his employer at least one week’s prior notice thereof; at said hearing, if the claimant is asking for compensation from the state fund, the attorney general,, or any one or more of his assistants or special counsel who have been designated by him to act as attorney to the commission, may represent the state fund, and in the absence of the attorney general or his designated assistants or special counsel, the commission shall select one or more of the attorneys in the employ of the department of industrial relations to represent the state fund.
 

 “Such hearing shall be had and the evidence for and against the allowance of the claim submitted as in the trial of civil actions. The commission shall pass upon the admissibility of evidence, but either party may at the time make objection and take exception to the rulings of the commission thereon, and if the commission refuses to admit any evidence, the party offering the same shall state the nature of such evidence and the matter which such party proposes to prove thereby, and such statement shall be made a part of the record of such rehearing. * * *
 

 “If the commission, after such hearing, finds that it has no jurisdiction of the claim and no authority to inquire into the extent of disability or amount of compensation claimed, then the claimant, within sixty days after receipt of notice of such action of the commission, may file a petition in the common pleas court of the county wherein the injury was inflicted, or in the common pleas court of the county wherein the contract of employment was made in
 
 *500
 
 cases where the injury occurs outside the state of Ohio. * # *
 

 “Within ten days after the filing of the answer the industrial commission shall certify to such court a transcript of the record of such rehearing, and the court, or the jury, under the instructions of the court, if a jury is demanded, shall determine the right of the claimant to participate or to continue to participate in such fund upon the- evidence contained in such record and no other evidence * *
 

 An examination of the history of this section will disclose that in the few years of its existence it has been variously revised and amended to meet contingencies which the operation of the Workmen’s Compensation Law has developed, and that the amendment limiting the evidence at the trial in the court of common pleas to a transcript of the evidence adduced before the Industrial Commission was to meet such a contingency, and required that some adequate provision be made for a formal hearing before the commission which would afford the claimant opportunity to offer his case as in a civil action, so that upon his appeal he would be able to present a transcript such as would be required in the trial in that court, as in a civil action, and thus preserve to the claimant and the commission, as administrator of the fund, all the rights to which in law either was entitled or claimed to be entitled.
 

 Since only an insignificant per cent, of claimants for participation in the state insurance fund have found it necessary to prosecute an appeal to the court of common pleas, and since the proceedings before the Industrial Commission upon an application for compensation are on the original hearing
 
 *501
 
 informal, and to obviate the imposing in the first instance upon the Industrial Commission and all claimants the burden of a formal hearing according to the rules of practice in courts generally, the Legislature amended Section 1465-90 to its present form, and gave to claimants the right to first informally present their claims, and, if dissatisfied with the order of the Industrial Commission, upon such presentation, to apply for a rehearing, required of the Industrial Commission that it grant such rehearing, and afforded the claimant, the employer, and the commission an opportunity at such rehearing to formally present their evidence “as in the trial of civil actions,” to object to any evidence offered and to except to any ruling made by the Industrial Commission, and to make tender of excluded evidence. The Legislature thus, without burdening either the Industrial Commission or the claimants with a formal hearing, as in the trial of civil actions upon original hearings, afforded to dissatisfied claimants an opportunity to have such upon a rehearing, and upon application, made the granting of such rehearing mandatory upon the commission; and, if after such hearing the Industrial Commission again denies the claim, the claimant is then for the first time afforded redress by appeal to the court of common pleas. “Then the claimant, within sixty days after receipt of notice of such action of the commission, may file a petition in the common pleas court.”
 

 Jurisdiction over the disbursement of the state insurance fund is not included in the general jurisdiction of the court of common pleas. Its jurisdiction over the disbursement of that fund is only such
 
 *502
 
 jurisdiction as is bestowed by the Workmen’s Compensation Law. Section 1465-90 not only affords the opportunity to the claimant to have his record made as in the trial of civil actions,- but secures to him the right to have the Industrial Commission pass a second time upon his claim, and then, and not until then, gives him the right to invoke the jurisdiction of the court of common pleas. He cannot secure this right by the performance of a half of the condition which must precede the existence of the right, any more than he can secure the right and institute an original action in the court of common pleas without performance of any part of such condition.
 

 The judgment will be reversed, and final judgment will be entered for the plaintiff in error.
 

 Judgment reversed and judgment for plaintiff in error.
 

 Marshall, C. J., Day, Allen, Kinkade, Jones and Matthias, JJ., concur.