Jones, J.
 

 The Industrial Commission claims, and the fact seems to be conceded, that while the petition was filed in the county of Tuscarawas the injuries were inflicted in the county of Stark. One of the major questions now presented is whether, under such a disclosure, the Common Pleas Court of Tuscarawas county had jurisdiction to hear and determine the cause, or whether exclusive jurisdiction to hear the cause is conferred upon the Common Pleas Court of the county in which the injuries were inflicted.
 

 Section 1465-90, General Code, provides that if the commission finds that it has no jurisdiction of the claim then the claimant, after receiving notice of such action of the commission, “may file a petition in the common pleas court of the county wherein the injury was inflicted, or in the common pleas court of the county wherein the contract of employment was made in cases where the injury occurs outside the state of Ohio.”
 

 The claim is made by counsel for defendants in error, one which was apparently sustained by the courts below, that this is a venue statute, and is not one relating to the jurisdiction of the courts of common pleas. If this be a transitory and not a local action, and relates to venue only, the question of venue may be waived by the defendant by pleading to the merits. If, however, exclusive jurisdiction to hear and determine has been conferred upon the Common Pleas Court of the county in which the injury was inflicted, such jurisdiction cannot be waived by the parties.
 
 Baltimore & Ohio Rd. Co.
 
 v.
 
 Hollenberger,
 
 76 Ohio St., 177, 81 N. E., 184;
 
 Pennsylvania Co.
 
 v.
 
 O’Connell,
 
 84 Ohio St., 218, 95 N. E., 773, Ann. Cas., 1912C, 540. Both the foregoing cases were suits for the recovery of penalties under
 
 *466
 
 Section 5022, Revised Statutes, which provided that actions for penalties must be brought in the county where the cause of action arose. In the
 
 Hollenberger case, supra,
 
 Davis, J., in his opinion, construing the statute there under consideration, said that the jurisdiction of the trial court under that section was limited and special, was not transitory, but that the statute made the action a local one, which could not be brought wherever service could be obtained upon the defendant, nor wherever he might enter his appearance or waive jurisdiction over his person; and it was held that the objection to the jurisdiction of the court was such that the defendant could not have waived it.
 

 It is urged in argument by counsel for defendants in error that under Section 11215, General Code, conferring general jurisdiction upon courts of common pleas, and particularly by virtue of Section 11277, General Code, providing that “every other action must be brought in the county in which the defendant resides or may be summoned”, a claimant is enabled to perfect his appeal by filing his petition in any common pleas court and in any county other than that in which the injury was inflicted if service can be made on the defendant. That argument wholly disregards Section 1465-90, General Code, which requires the petition to be filed in the common pleas court of the county wherein the injury was inflicted. This court has repeatedly upheld the principle announced by Robinson, J., in
 
 Industrial Commission
 
 v.
 
 Ramsey,
 
 119 Ohio St., 497, 164 N. E., 509, that “The jurisdiction of the court of common pleas over claims upon the state insurance fund is wholly statutory. * * * is not included in the general jurisdiction of the court of common pleas. Its jurisdiction over the disbursement of that fund is only .such jurisdiction as is bestowed by the Workmen’s Compensation Law.”
 

 Section 1465-90, General Code, is more than a venue statute. Had that section provided merely that the
 
 *467
 
 petition might be filed in the county where the injury was inflicted a plausible argument might be advanced that this would relate to venue only; but this statute goes further, in that it requires, as a condition to prosecute an appeal, that the petition be filed in the common pleas court of the county where the injury was inflicted; this is the equivalent of stating that the petition may not be filed in any other county. Special limited jurisdiction has been conferred by this section in two classes of cases, (1) where the injury has been inflicted in Ohio the petition is to be filed in the common pleas court of the county where the injury was inflicted, and (2) if the injury occurs outside of the state of Ohio the petition must be filed in the common pleas court in the county where the contract of employment was made. This claimant is authorized to file his suit in but one court, and that is the court of the county where the injury was inflicted; and since the statute specifies the court which is to hear and determine the cause it relates to the court’s jurisdiction. It is a special statute applying only to workmen’s compensation cases. To hold otherwise would be flying in the face of the statute, and would permit a claimant to seek the jurisdiction of a common pleas court other than that selected by the legislature under the sanction of Section 35 of Article II of our state constitution.
 

 The lower courts seem to have relied on the case of
 
 Ware
 
 v.
 
 Industrial Commission,
 
 98 Ohio St., 458, 121 N. E., 903. Ware had been killed in Kentucky, and after denial of compensation his widow filed her petition in the Court of Common Pleas of Hamilton county, Ohio, where his contract' of employment had been made. But had he been killed in Ohio, and in any county other than Hamilton, it is extremely doubtful whether this court would have sustained the jurisdiction of the Hamilton county court. For that reason the
 
 Ware case
 
 does not furnish a precedent for the case at bar.
 

 
 *468
 
 The trial court in its original order dismissing the cause committed no error; but it did commit error when it later vacated that order and permitted the case to proceed to judgment. It also erred in later sustaining the motion of plaintiffs below to strike the amended answer from the files. In upholding the action of the trial court, and in affirming its judgment, the Court of Appeals likewise erred. For the reasons stated the judgments of the lower courts will be reversed and the cause remanded to the trial court for further proceedings according to law.
 

 Judgment reversed.
 

 Weygandt, C. J'., Stephenson, Matthias, Bevis, Zimmerman and Wilkin, JJ., concur.