MOORE, APPELLANT, *v.* VAN WERT PROPANE, INC., ET AL., APPELLEES.

(No. 15-73-1—Decided June 6, 1973.)

*Messrs. Mitchell & Schumacher* and *Messrs. Drury & Zeigler,* for appellant.

*Mr. William J. Brown,* attorney general, for appellee Administrator.

GUERNSEY, P. J. This is an appeal by the claimant from a judgment of the Common Pleas Court of Van Wert County, Ohio, dismissing the claimant's appeal to it of an adverse decision of the Industrial Commission. The appeal was dismissed on motion of the employer filed after the employer had filed its answer when it became apparent

and undisputed that the claimed injury (and resultant death) occurred in Mercer County and not in Van Wert County.

In an exactly similar situation the Supreme Court held in *Industrial Commission* v. *Weigand*, 128 Ohio St. 463:

"1. After a claim has been denied by the Industrial Commission on jurisdictional grounds, Section 1465-90, General Code [now R. C. 4123.519], grants a claimant the right to file a petition 'in the common pleas court of the county wherein the injury was inflicted.' This is a special statute applying to cases brought under our Workmen's Compensation Law. It relates not only to venue but to jurisdiction, since it selects the court which shall hear and determine such causes.

"2. A claimant appealing from such adverse decision of the commission must file his petition in the Common Pleas Court of the county wherein the injury was inflicted, if inflicted in Ohio. Failure so to do can be objected to at any time during the trial, and the objection is not waived by the commission having theretofore pleaded the general issue."

This decision is still controlling, constitutes full authority for the action of the common pleas court dismissing the appeal to it, and is entirely dispositive of the appeal to this court unless the Modern Courts Amendment adopted May 8, 1968, to Article IV of the Ohio Constitution, and the venue provisions of the Rules of Civil Procedure adopted by the Supreme Court of Ohio pursuant to authority contained in that amendment permit the appeal to common pleas court to be filed in the county of residence of either the decedent or the claimant.

The right of appeal is a substantive right and the jurisdiction of a court (or courts) with relation thereto is a matter of substantive law rather than procedural law. As determined in *Industrial Commission* v. *Ramsey*, 119 Ohio St. 497, "The jurisdiction of the court of common pleas over claims upon the state insurance fund is wholly statutory * * * is not included in the general jurisdiction

of the court of common pleas. * * * " See also, *Jenkins* v. *Keller, Admr.,* 6 Ohio St. 2d 122.

The Modern Courts Amendment prescribes in Section 4(B) that, "The courts of common pleas shall have such original jurisdiction over all justiciable matters and *such powers of review of proceedings of administrative* officers and *agencies as may be provided by law.*" (Emphasis added.)

In Section 5(B) the Supreme Court is given authority to prescribe rules "governing practice and procedure in all courts of the state, *which rules shall not abridge, enlarge, or modify any substantive right.*" (Emphasis added.)

It is apparent when these provisions of the constitution are considered either apart or together that the jurisdiction of a common pleas court to review proceedings of the industrial commission must be as provided by statute adopted by the general assembly and not as provided by rule of the Supreme Court.

Moreover, the Rules of Civil Procedure (Rule 1(C)) specifically exclude any applicability to "procedure (1) upon appeal to review any * * * order or ruling," and the Appellate Rules adopted by the Supreme Court, in the form which they now exist, govern only appeals "from the trial courts of record in Ohio." (Rule 1.)

The Common Pleas Court of Van Wert County had no jurisdiction to entertain the appeal from the Industrial Commission.

*Judgment affirmed.*

Cole and Miller, JJ., concur.