THOMPSON, APPELLANT, *v.*
BURGER CHEF OF CIRCLEVILLE, INC., ET AL., APPELLEES.

[Cite as Thompson v. Burger Chef (1979),
65 Ohio App. 2d  77.]

(No. 380—Decided September 5, 1979.)

*Mr. John R. Workman,* for appellant.

*Mr. Gary L. Schneider,* for appellee Burger Chef of Circleville, Inc.

*Mr. William J. Brown,* attorney general, and *Mr. Solomon Hertzel Basch,* for appellees Administrator and Industrial Commission of Ohio.

*Per Curiam.* On October 6, 1971, claimant-appellant, Everett Thompson, suffered a heart attack while on the job in the employment of Burger Chef of Circleville, Inc. (Burger Chef). His ensuing claim for benefits was denied by the Administrator of the Bureau of Workers' Compensation on the ground that appellant failed to show his disability was contracted in the course of, or arose out of, employment with Burger Chef. The Administrator's order was affirmed by the regional board of review, whose decision was in turn affirmed by the Industrial Commission of Ohio in an entry dated September 27, 1976. Appellant filed a notice of appeal and complaint in the Court of Common Pleas of Pickaway County, and appellee Administrator thereafter made a motion to dismiss or, in the alternative, for summary judgment, on the ground that under R. C. 4123.519 the court lacked subject matter jurisdiction.

This motion was based on appellant's deposition, in which he stated that his asserted injury occurred in Muncie, Indiana, and further testified as follows:

"Q. Where were you when you arrived at that verbal contract [of employment for the work appellant was doing when he suffered the heart attack]?

"A. At 50 South Mulberry Street at Wilmington, Ohio. That was our main office.

"Q. And you entered into a verbal agreement in Wilmington, Ohio?

"A. Wilmington, Ohio. Now, that was when it was finally settled, I mean, as to the salary and car and everything; but they came to Circleville and asked me in my office at Circleville if my wife would run the store. I want to get that part clear.

"* * *

"Q. Now, you entered into a new agreement with them though where you were going to be the area supervisor and general manager; is that right?

"A. Right.

"Q. And you finalized that agreement in Wilmington?

"A. Wilmington at the office there because all four of them were in on it."

In its decision on the motion, the Court of Common Pleas of Pickaway County found as fact that appellant was injured outside Ohio and that his contract of employment had been made at Wilmington, *i.e.,* in Clinton County, rather than Pickaway County. The court ruled that R. C. 4123.519, which requires a claimant who appeals the decision of the Industrial Commission to file his notice of appeal, within sixty days of receipt of that decision, in the Court of Common Pleas of the county in which the contract of employment was made if the injury occurred outside Ohio, related to venue rather than jurisdiction, and treated the motion as one for change of venue rather than for dismissal. Accordingly, in its journal entry the court ordered that the cause be transferred to the Court of Common Pleas of Clinton County pursuant to the provisions of Civ. R. 3, and the transfer was duly made to Clinton County.

Appellee Administrator again moved for dismissal or summary judgment. That tribunal, after finding that appellant was injured outside of Ohio and entered into his contract of employment in Wilmington, granted summary judgment for appellees on the grounds that R. C. 4123.519 was a jurisdictional statute and that since appellant had failed to file a timely notice of appeal in the county where he entered his contract of employment,[1] the court was without jurisdiction to hear the case.

This appeal followed, and presents three assignments of error for review, consolidated herein, all of which assert in effect that the court erred as a matter of law in granting summary judgment for appellees. Appellant first argues that the court erred in determining that it was without subject matter jurisdiction in the instant case, inasmuch as the Court of Common Pleas of Pickaway County did have jurisdiction and properly transferred the action under Civ. R. 3. In essence, appellant apparently contends that R. C. 4123.519 is a rule of venue only, and that the timely filing of a notice of appeal in a

---

[1] Appellant concedes that the initiation of proceedings in Clinton County, following the transfer of the case from Pickaway County, was more than sixty days after receipt of the decision of the Industrial Commission.

Court of Common Pleas in a county where mere preliminary contract negotiations may have occurred was sufficient to toll the sixty-day time limit and vest that court with jurisdiction to hear or transfer the cause as may be appropriate. We disagree.

R. C. 4123.519 provides in pertinent part that:

*"The claimant\*\*\*may appeal a decision* of the industrial commission in any injury case\*\*\**to the court of common pleas of the county* in which the injury was inflicted or *in which the contract of employment was made if the injury occurred outside the state.\*\*\*Notice of such appeal shall be filed by the appellant with\*\*\*the court of common pleas within sixty days* after the date of the receipt of the decision appealed from\*\*\*. *Such filings shall be the only act required to\*\*\*vest jurisdiction in the court."* (Emphasis added.)

It must be noted at the outset that Courts of Common Pleas have no inherent jurisdiction to hear workers' compensation appeals, but only that jurisdiction which is conferred on them by the Workers' Compensation Act. *Jenkins* v. *Keller* (1966), 6 Ohio St. 2d 122. Likewise, a litigant has no inherent right to an appeal in this area, since the Act created a right to appeal where none existed before. *Cadle* v. *General Motors Corp.* (1976), 45 Ohio St. 2d 28. Thus it has been held that the Civil Rules do not affect the mandatory jurisdictional provision of R. C. 4123.519, which specifies the only county wherein a workers' compensation appeal will lie. *Moore* v. *Van Wert Propane, Inc.* (1973), 34 Ohio App. 2d 187.

As early as 1934, the Supreme Court of Ohio, construing G. C. 1465-90 (similar in relevant respects to R. C. 4123.519), held that that law was more than a venue statute and that its language was the equivalent of a statement that an appeal may not be filed in any county other than that designated—*i.e.,* that county in which injury was sustained, or, if injury occurred outside the state, that county in which the contract of employment was made. *Indus. Comm.* v. *Weigand* (1934), 128 Ohio St. 463. In *Weigand,* injuries were inflicted in one Ohio county, but the appeal was filed in another. Thus that court, on the facts before it, was particularly addressing itself to that segment of the statute providing, so it held, that where injury was suffered within the state, only the Court of Common Pleas of the county in which injury occurred had subject matter

jurisdiction to entertain an administrative appeal. We can perceive no valid reason why this holding is not equally controlling where, as here, because the injury did not occur within the state, the statute provides that an appeal may only be filed in the Court of Common Pleas of that county where the contract of employment was made. Since appellant himself stated in his deposition, as set forth *supra,* that the contract of employment was made in Wilmington, Ohio, and a party is bound by his own admissions, see *Winkler* v. *Columbus* (1948), 149 Ohio St. 39, the Court of Common Pleas of Clinton County did not err in awarding summary judgment to appellees on the ground that, inasmuch as no timely notice of appeal was *filed in that court,* it lacked subject matter jurisdiction in the action.[2]

Appellant further argues that, regardless of its propriety, the decision of the Court of Common Pleas of Pickaway County that it had subject matter jurisdiction under R. C. 4123.519 was binding on the coordinate court in Clinton County under the doctrine of "law of the case." This argument is meritless, since the cited doctrine applies only to subsequent proceedings by different judges or divisions in the same court and in the same action, or to subsequent proceedings in an inferior court upon a higher court's remand or other direction. Whatever its further scope, if any, this doctrine does not require a Court of Common Pleas to adopt the decision of a Court of Common Pleas in a different county and different appellate district. *State* v. *Kasnett* (1972), 30 Ohio App. 2d 77, reversed on other grounds (1973), 34 Ohio St. 2d 193. See, generally, 14 Ohio Jurisprudence 2d 647, 648, Courts, Sections 218 and 219, and fn. 2, *supra.* The first, second and third assignments of error are overruled.

The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of

---

[2] Appellant also contends that the Court of Common Pleas of Pickaway County erred in transferring the case to Clinton County because there was a genuine issue as to where the contract was entered. This Court of Appeals, obviously, has no jurisdiction to review actions taken by inferior courts which do not sit in the First Appellate District. See Section 3, Article IV of the Ohio Constitution and R. C. 2501.01 and 2501.02. In any event, we have held above that this matter did not raise a genuine issue of material fact in the Court of Common Pleas of Clinton County, the only court whose actions we review here.

this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

*Judgment affirmed.*

PALMER, P. J., BETTMAN and BLACK, JJ., concur.

BLACK, J., concurring.   I concur with the judgment of my brothers, but not entirely with their reasoning. The point seems important enough to deserve explanation.

The case turns on what is meant by the county "in which the contract of employment was made," because appellant's injury occurred outside the state. The precise question has not been ruled on by the Supreme Court, which has decided only that if the injury is inflicted in a county in Ohio, that county has jurisdiction. But for injuries outside Ohio, the county with jurisdiction is that in which the contract was "made." This is a common word and under R. C. 1.42 it should be construed according to common usage. The key location is not where the contract was entered or executed or finalized, but where it was "made." I suggest that in the instant case, the making of the contract began in Pickaway County where the business owners first approached appellant, and its making ended in Clinton County.

Both counties should have jurisdiction, because the making occurred in both. Such an interpretation comports with an intent gleaned from the words used by the legislature. For the convenience of the parties, the county in Ohio where the injury occurred has jurisdiction of an Ohio injury because the witnesses and evidence are located there. If it is an out-of-state injury, the county or counties with jurisdiction are those where the parties presumably began and now operate the business.

Nevertheless, the instant appeal must be dismissed because appellant's rights were not preserved in either county. In Clinton County, the instant action was filed after the sixty-day deadline. No steps were taken in Pickaway County to protect appellant's position that the Court of Common Pleas of Pickaway County had jurisdiction.