FADEM, APPELLANT, v.
S. D. MYERS, INC., ET AL.,
APPELLEES.

(No. 12148—Decided
September 18, 1985.)

*Melvin M. Gross, James A. Climer* and *Joseph J. Fink,* for appellant.
*George H. Rosin,* for appellee S. D. Myers, Inc.
*Anthony J. Celebrezze, Jr.,* attorney general, and *Thomas A. Ciccolini,* for appellee Industrial Commission.

GEORGE, P.J. Appellant, Mitchell Fadem, appeals the trial court's dismissal of his appeal from the Industrial Commission's order affirming a denial of Fadem's claim for workers' compensation benefits. The trial court's order is without an opinion, but it is apparent from the pleadings that Fadem's appeal was dismissed for failure to meet the jurisdictional prerequisites of R.C. 4123.519.

In his claim for benefits, Fadem stated that he was injured when exposed to hazardous substances at S. D. Myers, Inc., located in Summit County, Ohio. Fadem's benefit application was denied by the district hearing officer and the board of review. That denial was affirmed by the Industrial Commission on May 15, 1984. Fadem then filed a notice of appeal from the Industrial Commission's order in the Geauga County Court of Common Pleas.

On August 24, 1984, Fadem moved that court for an order transferring his suit to the Summit County Court of Common Pleas. The appeal was transferred to Summit County on September 21, 1984. Defendant-appellee, Industrial Commission, then filed a motion to dismiss Fadem's complaint for failure to fulfill the jurisdictional requirements of R.C. 4123.519.

The trial court granted the motion and this appeal followed. This court affirms.

Assignment of Error

"The trial court erred in granting

the motion to dismiss filed by appellees."

R.C. 4123.519 reads in pertinent part:

"The claimant or the employer may appeal a decision of the industrial commission or of its staff hearing officer * * * in any injury or occupational disease case, other than a decision as to the extent of disability, *to the court of common pleas of the county in which the injury was inflicted* or in which the contract of employment was made if the injury occurred outside the state. If the claim is for an occupational disease *the appeal shall be to the court of common pleas of the county in which the exposure which caused the disease occurred.* * * * Notice of such appeal shall be filed by the appellant with the court of common pleas *within sixty days after the date of the receipt of the decision appealed from* or the date of receipt of the order of the commission refusing to permit an appeal from a regional board of review. *Such filings shall be the only act required to perfect the appeal and vest jurisdiction in the court."* (Emphasis added.)

Fadem's exposure to hazardous substances and the resulting injury both occurred at his employer's premises in Summit County. Fadem concedes that his notice of appeal should have been filed in Summit County. Fadem failed to file in the proper county within the sixty-day time requirement. Fadem argues, however, that the requirement of filing in the county where the injury was inflicted is not jurisdictional, but merely a procedural venue requirement. Hence, the failure to file in the appropriate county, being merely procedural, does not mandate the dismissal of his appeal. In support of his argument, Fadem directs this court's attention to the recent Ohio Supreme Court decisions of *Mullins* v. *Whiteway Mfg. Co.* (1984), 15 Ohio St. 3d 18, and *Wells* v. *Chrysler Corp.* (1984), 15 Ohio St. 3d 21. In these two cases, the Supreme Court enun-

ciated a two-prong test for determining whether a particular requirement of R.C. 4123.519 is jurisdictional or procedural. In order for an appeal under R.C. 4123.519 to be jurisdictionally sufficient (1) it must have "substantially complied" with the statute, and (2) the "purpose" of the omitted requirement must not be sufficiently important to require dismissal for failure to include it. *Mullins, supra,* at 20.

The court in *Mullins* held that the provision in R.C. 4123.519, requiring the date of the decision appealed from to be included in the notice of appeal, is nonjurisdictional. This was because the appellant's notice of appeal in that case substantially complied with the statute in all other respects, and the requirement's purpose was not deemed important enough to require dismissal. Appellees in *Mullins* made no argument that the purpose of the date requirement is jurisdictional. In *Wells, supra,* the appellant's notice of appeal did not specifically identify his employer. The court in *Wells* held that appellant had substantially complied with R.C. 4123.519 by naming the employer within the body of the notice of appeal. In addition, that court found that the purpose of the notice requirement had been fulfilled.

Applying the two-prong test of *Mullins* to the instant case, it is clear that Fadem's notice of appeal fails for jurisdictional noncompliance. First, assuming that Fadem was required to file in Summit County by July 23, 1984, to come within the sixty-day limit, his appeal was not transferred until September 21, 1984, some fifty-nine days late. Thus, Fadem did not substantially comply with the time requirement for filing. Second, the purpose of the requirement that the notice of appeal be filed in the county where the injury was inflicted is jurisdictional and not solely directed towards venue. *Indus. Comm.* v. *Weigand* (1934), 128 Ohio St. 463. In

*Weigand,* the court reasoned that the purpose of the county filing requirement was jurisdictional because the right to appeal to the court of common pleas was derived solely from the statute. The statute (the predecessor of R.C. 4123.519) was thought by the court to reflect an intent on behalf of the legislature to create a "special" and "limited" jurisdiction in the courts of common pleas. *Id.* at 466-467.

Fadem argues that the purpose of the county filing requirement is purely procedural and merely provides a convenient forum for examining the merits of an appeal. It has been recognized that the county filing requirement is directed towards venue purposes, but it has also been determined to be a jurisdictional prerequisite:

"Section 1465-90, General Code [now R.C. 4123.519], is more than a venue statute. Had that section provided merely that the petition might be filed in the county where the injury was inflicted a plausible argument might be advanced that this would relate to venue only; but this statute goes further, in that it requires, as a condition to prosecute an appeal, that the petition be filed in the common pleas court of the county where the injury was inflicted; this is the equivalent of stating that the petition may not be filed in any other county. * * *" *Id.* at 466-467.

The purpose of requiring the filing of the notice of appeal in the appropriate county is sufficiently important to mandate dismissal of an appeal for noncompliance. *Mullins, supra.* The requirement is jurisdictional, not procedural, and compliance is mandatory. Accord *Barber* v. *Mayfield* (May 15, 1985), Summit App. No. 11933, unreported, motion to certify record overruled (Aug. 23, 1985), No. 85-1061.

Fadem further argues that even if the county filing requirement is jurisdictional, his situation is distinguishable because he obtained a transfer of suit pursuant to Civ. R. 3(C) prior to any examination of the merits of his claim. The venue provisions of the Rules of Civil Procedure, however, do not affect the mandatory jurisdictional provisions of R.C. 4123.519. *Moore* v. *Van Wert Propane, Inc.* (1973), 34 Ohio App. 2d 187 [63 O.O.2d 317]. The assignment of error is overruled and the order of the trial court is affirmed.

*Judgment affirmed.*

MAHONEY and BAIRD, JJ., concur.