HESKETT, APPELLANT, *v.* KENWORTH TRUCK COMPANY ET AL., APPELLEES.

(No. 85AP-511—Decided November 26, 1985.)

*Keith Dobbs,* for appellant.

*Vorys, Sater, Seymour & Pease, Thomas M. Taggart* and *Phillip A. Li,* for appellee Kenworth Truck Co.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Gerald H. Waterman,* for appellees Administrator, Bureau of Workers' Compensation, and Industrial Commission.

MOYER, J. This matter is before us on the appeal of David Heskett from a judgment of the Court of Common Pleas of Franklin County dismissing Heskett's appeal from an order of appellee Industrial Commission of Ohio denying appellant's claim for workers' compensation benefits. The trial court dismissed the appeal because the alleged injury to appellant did not occur in Franklin County.

Appellant asserts the following assignment of error in support of his appeal:

"The trial court committed prejudicial error by granting defendant-appellee's motion to dismiss for lack of jurisdiction."

R.C. 4123.519 provides, in pertinent part, as follows:

"The claimant or the employer may appeal a decision of the industrial commission or of its staff hearing officer made pursuant to division (B)(6) of section 4121.35 of the Revised Code in any

injury or occupational disease case, other than a decision as to the extent of disability, to the court of common pleas of the county in which the injury was inflicted or in which the contract of employment was made if the injury occurred outside the state. * * *"

Civ. R. 3(B) provides in part as follows:

"Any action may be venued, commenced and decided in any court in any county. When applied to county and municipal courts 'county' as used in this rule shall be construed where appropriate, as the territorial limits of those courts. Proper venue lies in any one or more of the following counties: * * *."

Appellees argue that the statutory provision is jurisdictional and that, because appellant failed to file his notice of appeal in the county in which his alleged injury occurred, his notice of appeal was properly dismissed by the trial court.

Appellant argues that R.C. 4123.519 is a venue statute and that the trial court could have transferred the case to Ross County, pursuant to Civ. R. 3(C).

In 1934 the Ohio Supreme Court, in *Indus. Comm.* v. *Weigand* (1934), 128 Ohio St. 463, in interpreting the predecessor to R.C. 4123.519, held that the statute is jurisdictional. The first paragraph of the syllabus stated the law as follows:

"After a claim has been denied by the Industrial Commission on jurisdictional grounds, Section 1465-90, General Code, grants a claimant the right to file a petition 'in the common pleas court of the county wherein the injury was inflicted.' This is a special statute applying to cases brought under our Workmen's Compensation Law. It relates not only to venue but to jurisdiction, since it selects the court which shall hear and determine such causes."

In *Cadle* v. *General Motors Corp.* (1976), 45 Ohio St. 2d 28 [74 O.O.2d 50],

the Supreme Court held in the first paragraph of the syllabus that:

"The mandatory appeal requirements of R.C. 4123.519 provide the only manner in which an appeal of a decision of the Industrial Commission to the Court of Common Pleas may be perfected, and such provisions are jurisdictional and must be strictly and fully complied with in order to vest jurisdiction in the Court of Common Pleas."

However, the issue in the *Cadle* case was not whether the claimant could transfer his appeal to another county if he filed the notice of appeal in the wrong county. R.C. 4123.519 requires that, after the claimant has filed a petition in the court to which he has appealed, further proceedings "shall be had in accordance with the Rules of Civil Procedure." It is argued that that provision of the statute gives the trial court authority to change the venue of the notice of appeal if it has been filed in the wrong court. We are not persuaded by that argument. When it enacted the Workers' Compensation law of Ohio, the General Assembly created substantive rights of appeal. In R.C. 4123.519, the General Assembly enacted more than a venue statute. As observed in *Weigand, supra,* the General Assembly provided for special limited jurisdiction only in the court in the county where the injury occurred, if it occurred in Ohio. We concur with the holdings of *Indus. Comm.* v. *Weigand, supra; Moore* v. *Van Wert Propane, Inc.* (1973), 34 Ohio App. 2d 187 [63 O.O.2d 317] (which did not refer to Civ. R. 3[B] specifically) and *Barber* v. *Mayfield* (May 15, 1985), Summit App. No. 11933, unreported, in holding that R.C. 4123.519 is a jurisdictional statute and requires that a claimant's appeal from an order of the Industrial Commission of Ohio be filed in the common pleas court of the county in which the injury occurred, where the injury occurred in Ohio. The trial court has no authority pursuant to Civ. R. 3 to change the

venue of an appeal that should have been filed in a different county.

The assignment of error is not well-taken and is overruled.

For the foregoing reasons, the judgment of the trial court is affirmed.

*Judgment affirmed.*

WHITESIDE and STERN, JJ., concur.

STERN, J., retired, of the Supreme Court of Ohio, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.