DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Bruce Brown, appeals the judgment of the Summit County Court of Common Pleas affirming the decision of the State Personnel Board of Review ("the SPBR"). We vacate the judgment of the trial court.
On November 27, 1996, Mr. Brown was removed from his position as Building Maintenance Superintendent 2 at the Agricultural Technical Institute, Wooster Campus. Mr. Brown filed a notice of appeal with the SPBR on December 10, 1996. After a hearing and upon the report of the administrative law judge, who conducted it, the SPBR affirmed Mr. Brown's dismissal on October 17, 1997.
On October 23, 1997, Mr. Brown filed an appeal of the SPBR's decision in the Franklin County Court of Common Pleas. As Mr. Brown concluded that the Franklin County Court of Common Pleas lacked subject matter jurisdiction, he dismissed his action in that court on February 9, 1998. The following day, February 10, 1998, Mr. Brown filed an appeal of SPBR's decision in the Summit County Court of Common Pleas. On August 4, 1998, the Summit County Court of Common Pleas affirmed the SPBR's decision. This appeal followed.
Mr. Brown asserts one assignment of error:
 APPELLANT WAS DENIED DUE PROCESS WHEN HIS TERMINATION WAS BASED IN PART UPON A COMPLAINT OF "SEXUAL HARASSMENT" WITHOUT HAVING RECEIVED NOTICE OF SUCH COMPLAINT PRIOR TO HEARING [sic].
Mr. Brown asserts that he was denied due process of law because his termination was based, in part, upon allegations of sexual harassment which he was neither informed of, nor given the opportunity to defend against, at the hearing. Ohio State University, appellee, asserts, however, that the trial court lacked jurisdiction over Mr. Brown's appeal. We agree and hence do not reach the merits of Mr. Brown's argument.
If one is "aggrieved by a decision of the State Personnel Board of Review affirming [one's] removal or reduction in pay for disciplinary reasons, [one] must bring [one's] appeal, if at all, in the Court of Common Pleas [sic] of the county of [one's] residence." Davis v. State Personnel Bd. of Rev. (1980), 64 Ohio St.2d 102, syllabus. If the appeal is filed in an improper venue, the court of common pleas lacks subject matter jurisdiction over the appeal. In re Appeal of Davis (Dec. 7, 1982), Morgan App. No. CA-82-8, unreported, citing Thompson v. Burger Chef (1979),65 Ohio App.2d 77. Furthermore, one must file a notice of appeal with the appropriate court of common pleas "within fifteen days after the mailing of the notice of the agency's order[.]" R.C.119.12.
Although, at the time of the trial court's decision in this case, the districts were not in accord as to whether the timely filing of one's notice of appeal is a prerequisite to jurisdiction, the Ohio Supreme Court resolved the split in the districts holding that "[t]he failure to file a copy of the notice of appeal within the fifteen-day period as set forth in R.C.119.12 deprives the common pleas court of jurisdiction over the appeal." Nibert v. Ohio Dept. of Rehab. Corr. (1998), 84 Ohio St.3d 100, syllabus. Moreover, one must file the notice of appeal with the "appropriate common pleas court[.]" Id. at 101. Filing an appeal in an inappropriate venue does not toll the fifteen-day period that one has to file an appeal in the appropriate court of common pleas. Id. at 100-101 (holding that an appeal filed in the Franklin County Court of Common Pleas, which lacked jurisdiction, in a timely manner was time barred and could not be transferred to or re-filed in the proper forum after the fifteen-day appeals period had run); see, also, In re Davis, supra.
In the instant action, the trial court lacked subject matter jurisdiction because Mr. Brown failed to file his appeal of SPBR's decision within fifteen days in the proper court of common pleas. SPBR forwarded its decision, affirming Mr. Brown's dismissal, to Mr. Brown on October 17, 1997. Although Mr. Brown filed an appeal within fifteen days of SPBR's ruling in the Franklin County Court of Common Pleas, it lacked subject matter jurisdiction over his appeal. Moreover, Mr. Brown's notice of appeal was not filed in the Summit County Court of Common Pleas until February 10, 1999. We hold that Mr. Brown's appeal in the Summit County Court of Common Pleas was not timely filed and, hence, the trial court lacked subject matter jurisdiction over his appeal. Therefore, we must vacate the trial court's judgment.
Mr. Brown's assignment of error is overruled. Although the Summit County Court of Common Pleas reached the proper result in that the holding of the SPBR was not altered, the judgment of the Summit County Court of Common Pleas is vacated, and the decision of the SPBR is found to be final due to appellant's failure to timely file his appeal.
Judgment vacated.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
WILLIAM G. BATCHELDER, FOR THE COURT
BAIRD, P.J. and SLABY, J. CONCUR