OPINION
This is an accelerated calendar case submitted to this court on the briefs of the parties. Appellant, Brian G. Styers, appeals the judgment of the Trumbull County Court of Common Pleas dismissing his complaint for lack of subject-matter jurisdiction. The following facts are relevant to a determination of this appeal
On June 26, 1998, appellant filed a complaint in the Trumbull County Court of Common Pleas against appellee, Falcon Foundry Company, alleging retaliatory discharge pursuant to R.C.4123.90. Appellant had previously filed a workers' compensation claim. Falcon Foundry Company, however, is located in Mahoning County rather than Trumbull County where he filed his complaint. Appellee filed an answer and, additionally, a motion to dismiss asserting a lack of subject-matter jurisdiction. Appellant filed a memorandum in opposition to appellee's motion. On January 8, 1999, the trial court granted appellee's motion to dismiss after finding that the failure to file the action in the county where the employer was located amounted to a jurisdictional defect that did not allow the court to merely transfer the case to the proper jurisdiction.
Appellant timely filed a notice of appeal and has now set forth a single assignment of error. Appellant contends that the trial court erred in dismissing his complaint for lack of subject-matter jurisdiction.
The pertinent statute, R.C. 4123.90. provides, in relevant part:
 "No employer shall discharge, demote, reassign, or take punitive action against any employee because the employee filed a claim or instituted, pursued or testified in any proceedings under the workers' compensation act for an injury or occupational disease which occurred in the course of an arising out of his employment with that employer. Any such employee may file an action in the common pleas court of the county of such employment * * *." (Emphasis added.)
There is no question that appellant filed the underlying complaint in a county other than the county in which the employment occurred. Appellant argues, however, that the relevant language in R.C. 4123.90 is not jurisdictional and goes only to the proper venue. Thus, appellant asserts that the trial court should have transferred the action to the proper county under Civ.R. 3(C) instead of dismissing the action in its entirety.
The issue is one of first impression in Ohio. However, decisions interpreting similar language in other statutes support the trial court's conclusion that the language in R.C. 4123.90
sets forth a mandatory jurisdictional requirement.
In Hartsock v. Chrysler Corp. (1989), 44 Ohio St.3d 171, the Supreme Court of Ohio interpreted the statute giving claimants and employers the right to appeal certain decisions of the Industrial Commission of Ohio to the common pleas court in the county in which the injury was inflicted. The language in R.C. 4123.519 was similar to the language present in R.C. 4123.90
in that they both used the term "may" rather than "shall" regarding which county to file the action in. The Supreme Court of Ohio held that despite the use of the word "may," the requirement that the appeal be perfected in the county of injury was a jurisdictional requirement. Id. at 172. The Supreme Court did not accept the plaintiff's argument that the general venue language of Civ.R.3 took precedence over the specific language of the workers' compensation statute. The court stated that "[b]y their terms, the Civil Rules cannot extend jurisdiction." Id. at 174, citing to Civ.R. 82. See, also, Fadem v. S. D. Myers, Inc. (1985), 27 Ohio App.3d 18; and Heskett v. Kenworth Truck Co. (1985), 26 Ohio App.3d 97, which both held that the filing of an R.C. 4123.519 appeal in the wrong county requires dismissal of the appeal as the county designation was jurisdictional rather than procedural.[1]
Using a similar analysis pertaining to an appeal from a decision of the Unemployment Compensation Board of Review, the Supreme Court of Ohio reached the same decision in Hansford v.Steinbacher (1987), 33 Ohio St.3d 72. There, the relevant statute was R.C. 4141.28(O) which provided that a party "may appeal from the decision of the board to the court of common pleas of the county wherein the appellant * * * is resident * * *." The court held that filing in the wrong county warranted dismissal because "[w]here a right of appeal is conferred by statute, the appeal can only be perfected in the mode prescribed by that statute."
Additionally, this court has also held that an appeal pursuant to R.C. 4123.519 that was filed in a county other than where the injury occurred was properly dismissed due to lack of subject-matter jurisdiction. Clingerman v. Mayfield (Aug. 24, 1990), Ashtabula App. No. 89-A-1477, unreported.
Based upon the foregoing analysis, the trial court did not err in dismissing appellant's claim as it was not filed in the proper county. Thus, the trial court did not have subject-matter jurisdiction to consider the claim. Appellant's sole assignment of error is without merit.
The judgment of the trial court is hereby affirmed.
 ______________________________________ JUDGE WILLIAM M. O'NEILL
CHRISTLEY, P.J., NADER, J., concur.
[1] As the trial court noted, R.C. 4123.59 has subsequently been amended and renumbered R.C. 4123.512, and it now includes an express provision permitting the transfer of an appeal to the proper court. R.C. 4123.90, however, contains no similar provision.