¶ 13 I dissent from the result reached by the majority.
 {¶ 14} R.C. 4123.512 sets forth the requirements for the notice of appeal: (A) it must be filed within 60 days of the decision appealed from; and (B) the notice must state the names of the claimant and the employer, the number of the claim, the date of the order appealed from, and the fact the appellant is appealing the order.
 {¶ 15} The statute provides the filing of the notice of appeal is all that is needed to perfect the appeal, and if the court finds the venue is incorrect, it shall transfer the case, not dismiss it for refiling.
 {¶ 16} The Supreme Court has directed the Workers' Compensation statutes must be construed in favor of the claimant and/or his dependents, see Mullins v. Whiteway Manufacturing Co. (1984),15 Ohio St.3d 18, 471N.E.2d 1383.
 {¶ 17} In Mullins the Supreme Court found a notice of appeal which gives sufficient notice and information to all parties meets the minimum requirements; in Mullins, the Court found the omission of the date was not fatal. Here, the appellants have included all the required information in their appeal.
 {¶ 18} The majority cites and describes State ex rel. RepublicSteel Corp. v. Quinn, but declines to apply its logic to the case at bar. In Quinn the Supreme Court held multiple claims may be set forth in a single notice of appeal, notwithstanding the statutory use of the singular "claim". In so doing, the court cited the cannon of construction that the singular includes the plural.
 {¶ 19} I would find Quinn applicable here, and would hold there is no legal reason why multiple claimants cannot be joined in a single appeal. Thereafter, however, Civ.R. 42 gives the trial court discretion to determine whether the appellants' cases should be joined, see JamestownVillage Condo Owners Assn. V. Market Media Research (1994),96 Ohio App.3d 678, 645 N.E.2d 1265. Civ.R. 21 permits a trial court to sever claims it deems mis-joined, see State ex rel. Starner v. DeHoff
(1985), 18 Ohio St.3d 163, 480 N.E.2d 499.
 {¶ 20} I believe the trial court did not have discretion to dismiss appellants' appeal. I believe the proper action would have been to review the appropriateness of the joinder. If the trial court chose to separate the claims, it could then order each to pay costs individually and proceed with three separate cases.
 {¶ 21} I would reverse the decision of the trial court and remand the matter for trial on the merits.