{¶ 18} Because I disagree with the majority's conclusion that relator's October 8, 2002 letter substantially complies with the requirements of R.C. 4123.511(F), I respectfully dissent.
 {¶ 19} In the companion cases of Mullins v. Whiteway Mfg. Co. (1984),15 Ohio St.3d 18, 15 OBR 15, 471 N.E.2d 1383, and Wells v. ChryslerCorp. (1984), 15 Ohio St.3d 21, 15 OBR 18, 472 N.E.2d 331, the Supreme Court of Ohio introduced the "substantial compliance" standard for cases involving R.C. 4123.519 (now known as R.C. 4123.512). In those cases the court advised that among the "* * * mitigating factors * * * to be considered when examining the sufficiency of a notice of appeal * * * [are] whether appellant has substantially complied with the statutory appeal provisions and whether the purpose of the unsatisfied provisionis sufficiently important to require compliance for jurisdictionalpurposes." Mullins, supra, at 21. (Emphasis added.) *Page 8 
 {¶ 20} Applicable here, R.C. 4123.511(F) requires that a notice of appeal "state the names of the claimant and employer, the number of the claim, the date of the decision appealed from, and the fact that the appellant appeals therefrom." Relator's October 8, 2002 letter states the names of the claimant and employer, the claim number and the fact that relator "objected" to the bureau's September 24, 2002 order. If relator's "objection" and request for hearing is construed as an indication that relator intended to "appeal," then relator complied with every requirement of R.C. 4123.511(F) except that which required it to include within its notice the date of the decision appealed from.
 {¶ 21} Under Mullins, then, in determining whether relator's notice of appeal is sufficient, we must consider "whether the purpose of the unsatisfied [date-related] provision is sufficiently important to require compliance for jurisdictional purposes." In my view, the provision requiring that the notice of appeal include the date of the decision appealed from is sufficiently important, on the record before us, to make compliance therewith a jurisdictional prerequisite in the present case.
 {¶ 22} The Supreme Court of Ohio has held that in an injured worker's appeal to the court of common pleas, seeking participation in the workers' compensation system, the provision requiring inclusion of the date of the decision appealed from in the notice of appeal isnot jurisdictional. Mullins, supra, at paragraph one of the syllabus. However, I believe that Mullins is readily distinguishable because in that case, an appeal pursuant to R.C. 4123.512 (formerly R.C. 4123.519), the appealing party filed both the notice of appeal and the complaint, which included a multi-paragraph statement of the claim. These predicates to the successful commencement of such an action under the Ohio Rules of Civil Procedure ensured that all other parties would be given ample notice of the *Page 9 
precise decision being appealed, notwithstanding the fact that the text of the notice of appeal did not itself contain the date of the offending decision.
 {¶ 23} By contrast, here there are no procedural strictures in place, apart from the enumerated requirements of R.C. 4123.511(F), that operated to ensure all parties would be afforded notice "that an appeal ha[d] been filed from an identifiable final order which ha[d] determined the parties' substantive rights and liabilities." Fisher v.Mayfield (1987), 30 Ohio St.3d 8, 30 OBR 16, 505 N.E.2d 975, paragraph two of the syllabus. In Mullins, the substantive allegations in the complaint served to lessen the importance of strict compliance with the statutory requirement that the notice of appeal contain the date of the decision being appealed. I perceive no set of facts or circumstances in the instant case that similarly serves to diminish the importance of the purpose for the unsatisfied date-related provision.
 {¶ 24} Here, relator's October 8, 2002 letter failed to give notice that an appeal had been filed from an identifiable final order determining the parties' substantive rights and liabilities. The only information by which relator identified the order it sought to appeal was the date of an order that had been vacated and no longer had any force and effect. The majority is satisfied that the other parties, through reference to other documents in the claim file and the process of deduction, "had sufficient information to know that relator was appealing the September 26, 2002 order." Ante, ¶ 8. But the Supreme Court of Ohio has never countenanced a directive to non-appealing parties to look so far from the appeal-related filing itself to deduce what matters are being appealed. The October 8, 2002 letter makes no mention of the bureau's September 26, 2002 order, and contains no information from which a party could discern that relator intended to appeal that order. *Page 10 
For these reasons, I would find that relator did not substantially comply with R.C. 4123.511(F), and would therefore not reach the issues of exhaustion of administrative remedies and application of the doctrine of laches.
 {¶ 25} I would sustain respondent's objections, reject the magistrate's conclusions of law, and deny the requested writ of mandamus. Because the majority has determined otherwise, I dissent. *Page 11 
 APPENDIX A MAGISTRATE'S DECISION {¶ 26} In this original action, relator, Lapp Roofing Sheet Metal Co., Inc., requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order holding that relator failed to administratively appeal an order of the Ohio Bureau of Workers' Compensation ("bureau"), and to enter an order that sets the appeal for hearing before a district hearing officer ("DHO"). *Page 12 Findings of Fact:
 {¶ 27} 1. On September 12, 2002, Kevin Carter ("claimant") filed an application for workers' compensation benefits. In his application, claimant alleged that he sustained an industrial injury on September 11, 2002, in the scope of and arising out of his employment as a roofer with relator, a state-fund employer. Relator refused to certify the industrial claim.
 {¶ 28} 2. On September 24, 2002, the bureau mailed an order that allows the claim for multiple injures, awards temporary total disability ("TTD") compensation beginning September 12, 2002, and sets the full weekly wage ("FWW"). The September 24, 2002 bureau order failed to set the average weekly wage ("AWW").
 {¶ 29} 3. On September 26, 2002, the bureau mailed another order stating:
 This order replaces the BWC order dated 09-24-2002, which has been vacated for the following reason: The full weekly wage (FWW) and/or average weekly wage (AWW) previously set in the claim is being modified.
 {¶ 30} The September 26, 2002 bureau order went on to increase FWW and to set AWW.
 {¶ 31} 4. On October 8, 2002, relator's vice-president of finance filed with the bureau a letter stating:
 Re: Claim # 02-851402, injured worker — Kevin Carter
 Dear BWC:
 This letter is to advise you that Lapp Roofing Sheet Metal Co., Inc. objects to the BWC tentative order dated September 24, 2002 in the above captioned claim. We hereby request that this matter be set for hearing. *Page 13 
 {¶ 32} 5. An appeal hearing was scheduled for January 2, 2003, before a DHO.
Following the hearing, the DHO issued an order stating:
 It is the finding and order of the Hearing Officer that the employer's appeal filed 10/8/02 is denied for the reason that the employer appealed the administrator's order of 9/24/02 which was vacated by the Bureau of Workers' Compensation on 9/26/02. The Hearing Officer finds that the employer did not appeal the 9/26/02 order, therefore, there is no issue to be heard at this time.
 This order is based on the Bureau of Workers' Compensation order dated 9/26/02 which vacated their 9/24/02 order and the fact that the employer only appealed the 9/24/02 order on 10/8/02 after it was vacated.
 {¶ 33} 6. Relator administratively appealed the DHO's order of January 2, 2003.
 {¶ 34} 7. Following a March 7, 2003 hearing, a staff hearing officer ("SHO") issued an order affirming the DHO's order of January 2, 2003. The SHO's order states:
 It is the finding of the Staff Hearing Officer that the employer's appeal filed 10/08/2002, to the 09/24/2002, Bureau of Workers' Compensation order cannot be applied to the 09/26/2002 Bureau of Workers' Compensation order, which vacated the 09/24/2002 order, modifying the average weekly wage/full weekly wage but allowing the conditions to remain the same. Therefore, the Staff Hearing Officer finds that the 09/26/2002 Bureau of Workers' Compensation order was not timely appealed and therefore remains in effect.
 {¶ 35} 8. On April 10, 2003, another SHO mailed an order refusing relator's administrative appeal from the SHO's order of March 7, 2003.
 {¶ 36} 9. On September 7, 2005, relator, Lapp Roofing Sheet Metal Co., Inc., filed this mandamus action.
Conclusions of Law:
 {¶ 37} The main issue is whether the commission abused its discretion by determining that relator failed to appeal the bureau's order mailed September 26, 2002. *Page 14 
 {¶ 38} Finding that the commission abused its discretion, it is the magistrate's decision that this court issue a writ of mandamus, as more fully explained below.
 {¶ 39} In order to show an abuse of discretion, relator must show that its October 8, 2002 letter meets the requirements for a notice of appeal provided at R.C. 4123.511(F).
 {¶ 40} Pertinent here, R.C. 4123.511(F) provides:
 Every notice of an appeal * * * shall state the names of the claimant and employer, the number of the claim, the date of the decision appealed from, and the fact that the appellant appeals therefrom.
 {¶ 41} By analogy, providing for the appeal of commission orders to a court of common pleas, former R.C. 4123.519 sets forth five elements to be included in a notice of appeal:
 Notice of appeal shall state the names of the claimant and the employer, the number of the claim, the date of the decision appealed from, and the fact that the appellant appeals therefrom.
 {¶ 42} The magistrate notes that R.C. 4123.511(F) at issue here is essentially identical to former R.C. 4123.519. Both R.C. 4123.511(F) and former 4123.519 set forth the same five elements to be included in the notice of appeal.
 {¶ 43} Paragraphs one and two of the syllabus of Fisher v.Mayfield (1987), 30 Ohio St.3d 8, state:
 1. The jurisdictional requirements of R.C. 4123.519 are satisfied by the filing of a timely notice of appeal which is in substantial compliance with the dictates of that statute. * * *
 2. Substantial compliance for jurisdictional purposes occurs when a timely notice of appeal filed pursuant to R.C. 4123.519 includes sufficient information, in intelligible form, to place on notice all parties to a proceeding that an appeal *Page 15 
has been filed from an identifiable final order which has determined the parties' substantive rights and liabilities.
 {¶ 44} In Fisher, the commission disallowed the claimant's appeal in an order dated April 20, 1984. In his notice of appeal filed with the common pleas court, the claimant stated that he was giving notice of appeal from a decision of the commission "dated May 2nd, 1984." Apparently, the notice of appeal correctly identified the claim number, the claimant and the employer. Id. at 8.
 {¶ 45} In Fisher, the common pleas court dismissed the appeal on grounds that the notice of appeal failed to vest the court with jurisdiction. On further appeal, the court of appeals affirmed, holding that the notice of appeal was fatally defective. On appeal to the Supreme Court of Ohio, the Fisher court reversed the judgment of the court of appeals and remanded the case to the common pleas court for further proceedings. The Fisher court explained:
 We are guided in this determination by the fundamental tenet of judicial review in Ohio that courts should decide cases on their merits. * * *
 Appellant herein has sufficiently complied with the juris-dictional dictates of R.C. 4123.519 as set forth by this court so as to meet the requirements of substantial compliance. By correctly designating the parties to the action, and the case number, all concerned parties had sufficient information from which they could determine that a particular claim or action was forthcoming. No party has alleged, and no party can now demonstrate, surprise or unfair prejudice to its interest.
Id. at 11.
 {¶ 46} In the magistrate's view, Fisher compels a finding of substantial compliance in this action. *Page 16 
 {¶ 47} Significantly, while the September 26, 2002 bureau order vacates the September 24, 2002 bureau order, it then reiterates the findings of the September 24, 2002 bureau order as to the claim allowances and the award of TTD compensation. The September 26, 2002 bureau order then modifies the prior setting of FWW and also sets AWW that the prior order failed to set. Thus, in actuality, the September 26, 2002 bureau order only amends the September 24, 2002 order as to FWW and AWW.
 {¶ 48} Given that the September 26, 2002 bureau order in actuality only amends in part the prior bureau order, and that both orders result from the same administrative body, i.e., the bureau, in the magistrate's view, relator's October 8, 2002 letter at least implicitly embraces the September 26, 2002 bureau order as well. Under such circumstances, there should have been no doubt on the part of claimant that he was on notice that the bureau's order of September 26, 2002 was being appealed.
 {¶ 49} Following the test for substantial compliance set forth by theFisher court in its syllabus, relator's October 8, 2002 letter did include sufficient information, in intelligible form, to place the claimant on notice that relator had filed an appeal from the bureau's September 26, 2002 order notwithstanding that relator incorrectly identified the bureau's September 24, 2002 order.
 {¶ 50} A review of the DHO's order of January 2, 2003, and the SHO's order of March 7, 2003, discloses that neither hearing officer applied the substantial compliance test set forth in Fisher. The hearing officers simply held the view that, because the September 24, 2002 bureau order had been vacated, relator's sole identification of the September 24, 2002 order was fatal to its October 8, 2002 notice of appeal (letter). The commission's explanation for its decision simply ignores the relevant relationship between *Page 17 
the two bureau orders and fails to render an analysis under the substantial compliance test.
 {¶ 51} Accordingly, based on the foregoing analysis, this court must issue a writ of mandamus ordering the commission to vacate its SHO's order of March 7, 2003, that finds that relator failed to appeal the September 26, 2002 bureau order, and to enter an order that sets relator's appeal of the September 26, 2002 bureau order before a DHO. *Page 1