CADLE, APPELLEE, *v.* GENERAL MOTORS CORPORATION, APPELLANT, ET AL.

[Cite as Cadle v. General Motors Corp. (1976), 45 Ohio St. 2d 28.]

---

(No. 75-77—Decided January 14, 1976.)

*Messrs. McDonnell & Sweeney* and *Mr. Daniel P. McDonnell*, for appellee.

*Messrs. Baughman & Hayes* and *Mr. Thomas P. Hayes,* for appellant.

*Mr. William J. Brown*, attorney general, and *Mr. James A. Ciocia,* for Bureau of Workmen's Compensation.

CORRIGAN, J. R. C. 4123.519 provides, in part:

"The claimant or the employer may appeal a decision of the Industrial Commission in any injury case, other than a decision as to the extent of disability, to the Court of Common Pleas of the county in which the injury was inflicted or in which the contract of employment was made if the injury occurred outside the state. *Like appeal may be taken from a decision of a regional board from which the commission has refused to permit an appeal to the commission* provided that the claimant may take an appeal from a decision of the administrator on application for reconsideration or from a decision of a regional board. Notice

of such appeal shall be filed by the appellant with the commission and the Court of Common Pleas within sixty days after the date of the receipt of the decision appealed from or the date of receipt of the order of the commission refusing to permit an appeal from a regional board of review. Such filings shall be the only act required to perfect the appeal and vest jurisdiction in the court.

"Notice of appeal shall state the names of the claimant and the employer, the number of the claim, the *date of the decision appealed from, and the fact that the appellant appeals therefrom.* * * *" (Emphasis added.)

In *Starr* v. *Young* (1961), 172 Ohio St. 317, this court considered a defective notice of appeal filed pursuant to R. C. 4123.519, the appeal provisions of the Workmen's Compensation Act, and stated:

"This is a special statute applying to appeals from decisions of the Industrial Commission and controls over general statutes covering appellate procedure. The above-quoted mandatory provisions are jurisdictional and must be strictly complied with."

In *Parker* v. *Young* (1961), 172 Ohio St. 464, this court had occasion to deal with the same question now before us. The court, in *Parker,* determined that R. C. 4123.519 was clear on its face in that it provided for an appeal from a *decision* of the Industrial Commission and an appeal from a decision of the regional board of review to the Court of Common Pleas when an appeal is refused by the commission.

The court, in *Parker, supra,* cited a decision of the Court of Appeals for Franklin County in *Gordon* v. *Young* (1960), 113 Ohio App. 81 (motion to certify the record overruled, January 11, 1961; appeal dismissed). *Gordon, supra,* involved four cases having as a common issue a defective notice of appeal referring to the order of the Industrial Commission refusing to entertain an appeal from a regional hearing board and the date of the Industrial Commission's order, rather than to the decision of the regional hearing board and the date thereof. The Court of Appeals held that the notice of appeal was fatally defec-

tive and that the Court of Common Pleas was without jurisdiction to entertain such appeal.

Appellee does not dispute that a notice of appeal which fails to state (1) the date of the decision appealed from, and (2) the fact that the appellant appeals therefrom, is defective and fails to confer jurisdiction on the Court of Common Pleas. Appellee maintains, however, that his notice of appeal, although ambiguous, does contain all the formal statutory requisites to invoke the jurisdiction of the Court of Common Pleas.

Appellee's notice of appeal to the Court of Common Pleas reads as follows:

"The claimant-appellant, George R. Cadle, Jr., states that on April 28, 1973 he was an employee of General Motors Corporation, Cleveland Chevrolet Division, the defendant, and that on that day he sustained an injury and that the Bureau of Workmen's Compensation assigned the following claim number to this injury: 501090-22.

"On July 17, 1973 the Industrial Commission of Ohio made a decision in this claim as follows:

" 'It is ordered that the appeal filed April 11, 1973 by the claimant from the order made March 30, 1973 by the Cleveland Regional Board of Review be refused and that copies of this order be mailed this day to all interested parties.'

"This decision the claimant-appellant appeals to the Court of Common Pleas."

Appellee maintains, in effect, that this notice is formally sufficient because it contains the complete order of the Industrial Commission refusing the appeal, which makes reference to the decision of the Cleveland Regional Board of Review and the date thereof. We disagree.

The notice of appeal clearly indicates that it is the July 17, 1973, order of the Industrial Commission that is being appealed to the Court of Common Pleas. The fact that the Industrial Commission's order refers to the decision of the Cleveland Regional Board of Review and the date thereof serves in no way to confer jurisdiction on

the Court of Common Pleas when the last sentence of the notice of appeal clearly states the fact that it is the Industrial Commission's order of July 17, 1973, that is being appealed, as required by the second paragraph of R. C. 4123.-519.

If this determination seems harsh, it must be borne in mind that a litigant has no inherent right of appeal in this area and that the statutory enactment of the Workmen's Compensation Act created a special right of appeal where none existed before, and "[w]here a statute confers the right of appeal, adherence to the conditions thereby imposed is essential to the enjoyment of the right conferred." *American Restaurant & Lunch Co.* v. *Glander* (1946), 147 Ohio St. 147; *Volz* v. *Volz* (1957), 167 Ohio St. 141.

In the present case, R. C. 4123.519 does not authorize an appeal to the Court of Common Pleas from an order of the Industrial Commission refusing to permit an appeal from a regional board of review. The record establishes that appellee's notice of appeal was defective in this respect.

The judgment of the Court of Appeals, reversing the Court of Common Pleas' dismissal of the appeal and remanding the case for further proceedings, must, therefore, be reversed, and the judgment of the Court of Common Pleas dismissing the appeal is reinstated.

*Judgment reversed.*

O'NEILL, C. J., STERN, W. BROWN and P. BROWN, JJ., concur.

PUTMAN and CELEBREZZE, JJ., dissent.

PUTMAN, J., of the Fifth Appellate District, sitting for HERBERT, J.