JONES, APPELLEE, *v.* GENERAL MOTORS CORP., APPELLANT; SCHIMPF, ADMR., APPELLEE.

(No. 2461—Decided December 30, 1976.)

*Mr. Allyn D. Kendis* and *Mr. Frank J. Janik*, for appellee Perry V. Jones.

*Mr. Thomas P. Hayes*, for appellant.

*Mr. William Brown*, attorney general, and *Mr. Michael Hickey*, for appellee Ned A. Schimpf, administrator, bureau of workmen's compensation.

*Per Curiam.* This is an appeal from an order of the Court of Common Pleas striking the notice of appeal filed by the employer, General Motors Corporation, as being insufficient to comply with R. C. 4123.519. We reverse.

R. C. 4123.519, in its relevant part, provides:

"Notice of appeal shall state the names of the claimant and the employer, the number of the claim, the date of the decision appealed from, and the fact that the appellant appeals therefrom."

The purported notice bore a legal caption and was styled "Notice of Appeal." It was signed "Thomas P. Hayes" over the designation "Attorney for Defendant-employer, General Motors Corporation." In its body it read:

"Now comes the employer, General Motors Corporation, Fisher Body Elyria Division, and pursuant to Section 4123.519, Revised Code submits its Notice of Appeal from the decision of the Cleveland Regional Board of Review dated November 1, 1973, from which the Industrial Commission refused an appeal in its order dated October 24, 1974 in Claim Number 485642-22 wherein Perry V. Jones is the claimant and General Motors Corporation, Fisher Body Elyria Division, is the employer."

Claimant Perry V. Jones, an appellee herein, argues that the notice was insufficient because it did not contain the magic words, "the appellant appeals therefrom."

The statute requires "the fact that the appellant appeals therefrom" to be set forth in the notice of appeal. We hold that the words "submits its notice of appeal from the decision" comports with and sets forth the fact that the appellant is appealing from that decision. It is not necessary to set forth the exact words of the statute as the appellee urges. *Cadle* v. *General Motors Corp.* (1976), 45 Ohio St. 2d 28, is distinguishable on its facts.

We reverse the judgment of the trial court and remand this cause for further proceedings according to law.

*Judgment reversed.*

VICTOR, P. J., MAHONEY and BRENNEMAN, JJ., concur.