THE STATE, EX REL. ROCKWELL INTERNATIONAL,
APPELLANT, *v.* FORD, JUDGE, APPELLEE.

[Cite as State, ex rel. Rockwell Internat., v. Ford (1980),
61 Ohio St. 2d 234.]

(No. 79-1252 — Decided February 20, 1980.)

*Messrs. Porter, Wright, Morris & Arthur, Mr. Warren H. Morse,* and *Ms. Roberta Y. Bavry,* for appellant.

*Messrs. Flask & Policy* and *Mr. Constant A. Prassinos,* for appellee.

*Per Curiam.* A writ of prohibition will issue only when: "(1) the court or officer against whom it is sought must be about to exercise judicial or quasi-judicial power; (2) the exercise of such power must amount to an unauthorized usurpation of judicial power; and (3) it must appear that the refusal of the writ would result in an injury for which there is no adequate remedy." *State, ex rel. D.P. & L. Co.,* v. *Kistler* (1979), 57 Ohio St. 2d 21, 22.

There is no question that appellee is a judicial officer who is about to exercise judicial power. The exercise of that judicial power would also amount to an unauthorized usurpation of power because the Court of Common Pleas lacks jurisdiction over the underlying action. The requirements for an appeal from a decision of the Industrial Commission in R.C. 4123.519 are mandatory and must be strictly and fully complied with to vest jurisdiction in the Court of Common Pleas. R.C. 4123.519 does not authorize an appeal to the Court of Common Pleas from a decision of the Industrial Commission refusing to entertain an appeal from a regional board of review. *Cadle* v. *General Motors Corp.* (1976), 45 Ohio St. 2d 28. Thus, since the commission refused to entertain an appeal from the regional board of review, Workman's notice of appeal from that decision is fatally defective and fails to confer jurisdiction on the Court of Common Pleas.

Workman's amended notice of appeal is equally defective since it was not filed within 60 days of his receipt of the commission's order refusing to permit the appeal, another jurisdictional requirement of R.C. 4123.519. Since the Court of Common Pleas is without jurisdiction whatsoever to act, the availability or adequacy of a remedy to prevent the resulting injustice is immaterial to this court's supervisory jurisdiction to prevent the usurpation of jurisdiction by an inferior court. *State, ex rel. Adams,* v. *Gusweiler* (1972), 30 Ohio St. 2d 326.

236

Accordingly, the judgment of the Court of Appeals is reversed, and the writ of prohibition is allowed.

*Judgment reversed and*
*writ allowed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER, and HOLMES, JJ. concur.