MULLINS, APPELLANT, *v.* WHITEWAY MANUFACTURING COMPANY; ADMINISTRATOR, BUREAU OF WORKERS' COMPENSATION, ET AL., APPELLEES.

[Cite as Mullins *v.* Whiteway Mfg. Co. (1984), 15 Ohio St. 3d 18.]

(No. 84-262—Decided December 19, 1984.)

*Messrs. Brown, Kerr & Heilbrun, Mr. John L. Heilbrun* and *Mr. David Kerr,* for appellant.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, *Mr. Lee M. Smith, Mr. Gregory M. Nolan* and *Mr. Tyrone K. Yates,* for appellees.

LOCHER, J. The sole issue presented in this appeal is whether the provision in R.C. 4123.519[1] requiring inclusion of the date of the decision ap-

---

[1] R.C. 4123.519 provides, in pertinent part:

"The claimant or the employer may appeal a decision of the industrial commission or of its staff hearing officer made pursuant to division (B)(6) of section 4121.35 of the Revised Code in any injury or occupational disease case, other than a decision as to the extent of disability, to the court of common pleas of the county in which the injury was inflicted or in which the contract of employment was made if the injury occurred outside the state. If the claim is for an occupational disease the appeal shall be to the court of common pleas of the county in which the exposure which caused the disease occurred. Like appeal may be taken from a decision of a regional board from which the commission or its staff hearing officer has refused to permit an appeal to the commission. Notice of such appeal shall be filed by the appellant with the court of common pleas within sixty days after the date of the receipt of the decision appealed from or the date of receipt of the order of the commission refusing to permit an appeal from a regional board of review. Such filings shall be the only act required to perfect the appeal and vest jurisdiction in the court.

pealed from in a workers' compensation notice of appeal is jurisdictional. We hold that it is not jurisdictional, and thus reverse the decision of the court of appeals.

In *Akron Standard Div.* v. *Lindley* (1984), 11 Ohio St. 3d 10, this court was recently presented with a similar case in the context of tax reassessment petitions. The taxpayer in *Akron Standard* had failed to comply with the verification requirement of R.C. 5739.13[2] in filing its reassessment petition with the Tax Commissioner. We held in that case that such failure did not render the petition jurisdictionally defective, based on a two-factor analysis. First, the taxpayer had *substantially complied* with the requirements of R.C. 5739.13; indeed, all other requirements of that statute had been satisfied. Second, the *purpose* of the verification requirement was not deemed essential enough to warrant dismissal by reason of failure to comply, as compared with certain other provisions of that statute.

A similar analysis is appropriate in the case at bar. Appellant has fully complied with all other provisions of R.C. 4123.519[3] in filing his notice of appeal with the court of common pleas. Further, the purpose of the date provision is not sufficiently important to require dismissal for the failure to include it; in fact, appellees offer no argument as to the purpose of the date provision. The notice of appeal in this case gives sufficient notice and information to all concerned parties.

Appellees cite *State, ex rel. Rockwell Internatl.,* v. *Ford* (1980), 61 Ohio St. 2d 234 [15 O.O.3d 250], and *Cadle* v. *General Motors Corp.* (1976), 45 Ohio St. 2d 28 [74 O.O.2d 50], as support for their argument that strict compliance with all provisions of R.C. 4123.519 is a jurisdictional prerequisite. The appellants in *Rockwell* and *Cadle* failed to appeal from the proper administrative decision, appealing instead from the refusal of the Industrial Commission to entertain an appeal from an order of the regional board of review. It is the belief of this court, however, that such an inflexible standard as was set forth in *Rockwell* and *Cadle* is not ap-

---

"Notice of appeal shall state the names of the claimant and the employer, the number of the claim, the date of the decision appealed from, and the fact that the appellant appeals therefrom."

[2] R.C. 5739.13 provides, in pertinent part:
"Unless the vendor or consumer, to whom said notice of assessment is directed, files within thirty days after service thereof, either personally or by registered or certified mail, a petition in writing, verified under oath by said vendor, consumer, or his authorized agent, having knowledge of the facts, setting forth with particularity the items of said assessment objected to, together with the reasons for such objections, said assessment shall become conclusive and the amount thereof shall be due and payable, from the vendor or consumer so assessed, to the treasurer of state. * * *"

[3] Appellees argue that appellant has also failed to correctly identify the decision appealed from, another requirement of R.C. 4123.519. An examination of the notice of appeal reveals that appellant included both the decision of the regional board of review and the refusal of the Industrial Commission as the appealed-from orders. Thus, appellant did name the proper decision, which was the decision of the board of review.

propriate in all circumstances. Rather, we emphasize now that, as stated above, certain mitigating factors are to be considered when examining the sufficiency of a notice of appeal. These factors include whether appellant has substantially complied with the statutory appeal provisions and whether the purpose of the unsatisfied provision is sufficiently important to require compliance for jurisdictional purposes. This flexibility comports with R.C. 4123.95, which states:

"Sections 4123.01 to 4123.94, inclusive, of the Revised Code shall be *liberally construed in favor of employees* and dependents of deceased employees." (Emphasis added.)

This court holds, therefore, that the provision in R.C. 4123.519 requiring inclusion of the date of the decision appealed from in a workers' compensation notice of appeal is non-jurisdictional. R.C. 4123.519 shall be liberally construed, as required by R.C. 4123.95. To this extent, we thus overrule the test set forth in paragraph one of the syllabus in *Cadle*.

Accordingly, the judgment of the court of appeals is reversed and the cause is remanded to the trial court for further proceedings.

*Judgment reversed and cause remanded.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.