FISHER, APPELLANT, *v.* MAYFIELD, ADMR., ET AL., APPELLEES.

[Cite as Fisher *v.* Mayfield (1987), 30 Ohio St. 3d 8.]

(No. 86-1094—Decided April 8, 1987.)

*Ward, Kaps, Bainbridge, Maurer, Bloomfield & Melvin* and *Charles G. Kaps,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, *Gerald H. Waterman* and *Janet E. Jackson,* for appellee administrator.

*Ronald J. O'Brien,* city attorney, and *Lawrence G. Muscarella,* for appellee city of Columbus.

DOUGLAS, J.   The issue presented in this case is whether a notice of appeal which fails to explicitly meet the statutory strictures of R.C. 4123.519 is sufficient to invoke the appellate jurisdiction of the court of common pleas where the parties are able to ascertain from the notice of appeal the cause being appealed. We answer in the affirmative.

R.C. 4123.519 sets forth five elements to be included in a notice of appeal:

"Notice of appeal shall state the names of the claimant and the employer, the number of the claim, the date of the decision appealed from, and the fact that the appellant appeals therefrom."

In *Cadle, supra,* at paragraph one of the syllabus, this court had held that strict compliance with R.C. 4123.519 was mandatory and failure to comply with its strictures would not vest appellate jurisdiction with the court of common pleas. More specifically, the court ruled that a party appealing an adverse ruling must definitively identify the order being appealed and where the notice of appeal stated that the order was one of the Industrial Commission rather than of a regional board, the notice of appeal was fatally defective. *Id.* at paragraph two of the syllabus. See, also, *State, ex rel. Rockwell Internatl.,* v. *Ford* (1980), 61 Ohio St. 2d 234, 15 O.O. 3d 250, 400 N.E. 2d 884.

The admitted harshness of this interpretation, see *Cadle* at 33, 74 O.O. 2d at 51-52, 340 N.E. 2d at 405, was softened with this court's recent ruling in *Mullins* v. *Whiteway Mfg. Co., supra.* In *Mullins* at 20-21, 15 OBR at 17, 471 N.E. 2d at 1386, this court stated:

"* * * It is the belief of this court, however, that such an inflexible standard as was set forth in *Rockwell* and *Cadle* is not appropriate in all circumstances. Rather, we emphasize now that, as stated above, certain mitigating factors are to be considered when examining the sufficiency of a notice of appeal. These factors include [1] whether appellant has substantially complied with the statutory appeal provisions and [2] whether the

purpose of the unsatisfied provision is sufficiently important to require compliance for jurisdictional purposes.* * *"

Following this reasoning, we held that the provision in R.C. 4123.519 requiring inclusion of the date of the decision appealed from in a workers' compensation notice of appeal was non-jurisdictional. *Mullins,* at paragraph one of the syllabus. Accordingly, in overruling paragraph one of the syllabus in *Cadle,* the court ruled that the failure to include the date did not fatally flaw appellant's notice of appeal.

In *Wells, supra,* decided the same day as *Mullins,* the court adopted verbatim the reasoning enunciated in *Mullins. Wells* at 23, 15 OBR at 19, 472 N.E. 2d at 333 (citing *Mullins* at 20-21, 15 OBR at 19, 471 N.E. 2d at 1386). In *Wells,* appellant named Chrysler Corporation in the notice of appeal, but failed to specifically designate Chrysler as being the "employer." The court concluded that the purpose of a notice of appeal is to advise the parties that an appeal of a particular claim was forthcoming. Since the notice met that purpose, and appellee could demonstrate no surprise or prejudice, the appeal was allowed.

More recently, in *State, ex rel. Ormet Corp.,* v. *Burkhart* (1986), 25 Ohio St. 3d 112, 25 OBR 160, 495 N.E. 2d 422, this court further eroded the viability of *Cadle* as controlling precedent in this state. In *Ormet,* just as in *Cadle* and as in the case at bar, a party designated in the notice of appeal that the order being appealed from was that of the Industrial Commission rather than the decision of the regional board. Citing the court of appeals' decision with approval, this court at 115, 25 OBR at 162, 495 N.E. 2d at 425, reiterated:

"As observed by the court of appeals below in its opinion: '* * * None of the * * * [defendants] can argue nor do they argue that they were misled as to the sense or reason behind the notice of appeal. All of the * * * [defendants] are well aware that the last factual and legal issues brought before the administrative body were determined by the Regional Board of Review and that it would be those facts and those legal determinations which would be the issue of the appeal.* * *' "

This court then concluded:

"This being so, and in light of this court's decision in *Wells* v. *Chrysler Corp., supra,* we hold that * * * [the common pleas court] clearly has jurisdiction to proceed in the underlying matter." *Id.*

It is not desirable for the bench, the bar, litigants or our citizens that the courts keep chipping away at the general rule by carving out exceptions which make the law on the question a mass of confusion. We have promulgated exceptions in *Mullins, Wells* and *Ormet.* It is time to say that *Cadle* is the law—and is the law without exception— or that *Cadle* is not the law and that it should be relegated to the peaceful demise which it so richly deserves. Rather than create yet another fictitious exception to *Cadle,* we instead overrule that which remains the law of that case and hold that the dictates of R.C. 4123.519 are satisfied by the filing of a timely notice of appeal which is in substantial compliance with the dictates

of that statute. Substantial compliance for jurisdictional purposes occurs when a timely notice of appeal filed pursuant to R.C.. 4123.519 includes sufficient information, in intelligible form, to place on notice all parties to a proceeding that an appeal has been filed from an identifiable final order which has determined the parties' substantive rights and liabilities.

We are guided in this determination by the fundamental tenet of judicial review in Ohio that courts should decide cases on their merits. *DeHart* v. *Aetna Life Ins. Co.* (1982), 69 Ohio St. 2d 189, 192, 23 O.O. 3d 210, 212, 431 N.E. 2d 644, 646; *In re Estate of Reeck* (1986), 21 Ohio St. 3d 126, 127, 21 OBR 429, 430, 488 N.E. 2d 195, 196-197.

Appellant herein has sufficiently complied with the jurisdictional dictates of R.C. 4123.519 as set forth by this court so as to meet the requirements of substantial compliance. By correctly designating the parties to the action, and the case number, all concerned parties had sufficient information from which they could determine that a particular claim or action was forthcoming. No party has alleged, and no party can now demonstrate, surprise or unfair prejudice to its interest.

Accordingly, we reverse the judgment of the court of appeals and remand this cause to the court of common pleas for further proceedings.

*Judgment reversed*
*and cause remanded.*

SWEENEY, LOCHER and H. BROWN, JJ., concur.

MOYER, C.J., RESNICK and WRIGHT, JJ., dissent.

ALICE ROBIE RESNICK, J., of the Sixth Appellate District, sitting for HOLMES, J.

HERBERT R. BROWN, J., concurring.   While I join in the syllabus and judgment of the majority, I reach this result by a slightly different approach.

In R.C. 4123.519 the legislature has said that notice of appeal from a decision of the regional board shall be filed with the court of common pleas within sixty days after receipt of the decision appealed from or the date of receipt of the order of the commission refusing to permit an appeal from the regional board. The legislature then provides: "Such filings shall be the *only act required* to perfect the appeal and vest jurisdiction in the court." (Emphasis added.)

The next paragraph of R.C. 4123.519 enumerates what the notice of appeal shall contain.[1] Thus, the legislature has specified (1) an act of jurisdiction and (2) a guide to the content of the notice of appeal.

---

[1] R.C. 4123.519 provides in part:

In the case *sub judice,* the act of jurisdiction (under the above two-prong analysis) has been accomplished. What has not been accomplished is a strict compliance with what the notice of appeal should contain. Yet, there has been no demonstration that any party was or could be misled as to the basis for the appeal. If the legislature decides to make the content of a notice of appeal jurisdictional, the legislature may specifically so provide.

We have already held that the provisions of R.C. 4123.519 which detail the content of a notice of appeal are not jurisdictional. In the first paragraph of the syllabus to *Mullins* v. *Whiteway Mfg. Co.* (1984), 15 Ohio St. 3d 18, 15 OBR 15, 471 N.E. 2d 1383, we held:

"The provision in R.C. 4123.519 requiring inclusion of the date of the decision appealed from in a workers' compensation notice of appeal is non-jurisdictional."

We held in *Mullins, supra,* at paragraph two of the syllabus, that R.C. 4123.519 shall be liberally construed and, in effect, overruled *Cadle* v. *General Motors Corp.* (1976), 45 Ohio St. 2d 28, 74 O.O. 2d 50, 340 N.E. 2d 403. See, also, *Wells* v. *Chrysler Corp.* (1984), 15 Ohio St. 3d 21, 15 OBR 18, 472 N.E. 2d 331; and *State, ex rel. Ormet Corp.,* v. *Burkhart* (1986), 25 Ohio St. 3d 112, 25 OBR 160, 495 N.E. 2d 422, in which decisions we essentially ignored *Cadle.*

Piecemeal adjudication with respect to the elements of content in a notice of appeal serves only to confuse the law and litigants. I am persuaded that the act of filing is, as specified by the legislature, the jurisdictional requirement and that the content of the notice of appeal should be measured by substantial compliance with the legislative provisions as substantial compliance is defined in the syllabus adopted by the majority today. To do so furthers the underlying principle that cases should be decided on their merits rather than upon technicalities.

MOYER, C.J., dissenting. I respectfully dissent from the opinion of the majority because it ignores the plain meaning of R.C. 4123.519. This statute provides:

"Notice of appeal *shall* state the names of the claimant and the employer, the number of the claim, the date of the decision appealed from, and the fact that the appellant appeals therefrom." (Emphasis added.)

The word "shall" has been consistently interpreted to make the provision in which it is contained mandatory, unless there appears a clear and unequivocal intent that it receive a construction other than its ordinary meaning. *Dorrian* v. *Scioto Conserv. Dist.* (1971), 27 Ohio St. 2d 102, 56 O.O. 2d 58, 271 N.E. 2d 834, paragraph one of the syllabus. See *Anderson* v. *Hancock Cty. Bd. of Edn.* (1941), 137 Ohio St. 578, 581, 19 O.O. 344, 345, 31 N.E. 2d 850, 853; *State, ex rel. Ewing,* v. *Without a Stitch* (1974),

---

"Notice of appeal shall state the names of the claimant and the employer, the number of the claim, the date of the decision appealed from, and the fact that the appellant appeals therefrom."

37 Ohio St. 2d 95, 103, 66 O.O. 2d 223, 228, 307 N.E. 2d 911, 917; *Malloy v. Westlake* (1977), 52 Ohio St. 2d 103, 106, 6 O.O. 3d 329, 330, 370 N.E. 2d 457, 459; *State, ex rel. Hanley, v. Roberts* (1985), 17 Ohio St. 3d 1, 7, 17 OBR 1, 6, 476 N.E. 2d 1019, 1024. The majority opinion cites no provision that reveals a clear and unequivocal legislative intent that a different construction be given to the word "shall."

As stated by this court in *State, ex rel. City Iron Works, Inc., v. Indus. Comm.* (1977), 52 Ohio St. 2d 1, 4, 6 O.O. 3d 37, 38, 368 N.E. 2d 291, 293:

"* * * One cardinal rule of statutory construction is that the 'court must look to the statute itself to determine legislative intent, and if such intent is clearly expressed therein, the statute may not be restricted, constricted, qualified, narrowed, enlarged or abridged.' *Wachendorf* v. *Shaver* (1948), 149 Ohio St. 231 [36 O.O. 554], paragraph five of the syllabus."

The General Assembly has the constitutional authority to establish the procedural requirements that must be followed by an employer or an employee when either appeals an order of the Industrial Commission or a regional board of review to a common pleas court. R.C. 4123.519 manifests the clear intent that a notice of appeal must state certain basic facts that give the nonappealing party the notice that it needs to respond to the appeal. While I agree that application of the statute should not be inflexible, as was recognized in *Mullins* v. *Whiteway Mfg. Co.* (1984), 15 Ohio St. 3d 18, 15 OBR 15, 471 N.E. 2d 1383, and *Wells* v. *Chrysler Corp.* (1984), 15 Ohio St. 3d 21, 15 OBR 18, 472 N.E. 2d 331, the facts in this case are clearly distinguishable from the facts in those cases.

The majority has held under the facts of the instant case that an employer or employee filing an appeal in the common pleas court under R.C. 4123.519 is no longer required to notify the other party whether it is appealing from a decision of the Industrial Commission or the regional board of review or the date of such decision. In fact, under the majority's holding, it is acceptable for an appellant, in his notice of appeal, to expressly give the other party totally inaccurate information that omits two elements necessary to notify the other party as to what is being appealed. The holding of the majority has the effect of saying to all those who practice workers' compensation law that if you wish to appeal an order of the board of review or the commission to the common pleas court pursuant to R.C. 4123.519, you need only state the name of the party and the fact that you are appealing some decision of an agency from which an appeal may be taken pursuant to the Revised Code. The General Assembly has seen the wisdom in clearly setting forth the basic elements of notice that are particularly necessary in an area of administrative law where numerous orders and decisions are frequently produced by different agencies in one case. In our haste to produce our own sense of equity, we should not subvert the product of such common-sense wisdom.

I would affirm the judgment of the court of appeals.

RESNICK and WRIGHT, JJ., concur in the foregoing dissenting opinion.