THE STATE, EX REL. ERNEST AUTO BODY SHOP, APPELLANT, *v.* FUERST, JUDGE, APPELLEE.

[Cite as State, ex rel. Ernest Auto Body Shop, *v.* Fuerst (1987), 30 Ohio St. 3d 138.]

(No. 86-910—Decided May 20, 1987.)

---

[1] The record provided to this court unfortunately does not include any proceedings prior to the decision of the staff hearing officers of the Industrial Commission of Ohio.

*Petro, Rademaker, Matty & McClelland, Robert C. McClelland* and *Christopher J. Shaw,* for appellant.

*John T. Corrigan,* prosecuting attorney, and *Jeffrey Sherwin,* for appellee.

*Per Curiam.* The narrow issue presented in this appeal is whether a writ of prohibiton will issue to prevent a court of common pleas from exercising appellate jurisdiction over a claimant's appeal from a decision of the Industrial Commission, where the claimant's notice of appeal erroneously states that he is appealing from the decision of the regional board of review, but otherwise complies with the technical requirements of R.C. 4123.519. For the following reasons, we hold that such writ will not issue.

As we noted in *State, ex rel. Rockwell Internatl.,* v. *Ford* (1980), 61 Ohio St. 2d 234, 235, 15 O.O. 3d 250, 400 N.E. 2d 884, 885:

"A writ of prohibition will issue only when: '(1) the court or officer against whom it is sought must be about to exercise judicial or quasi-judicial power; (2) the exercise of such power must amount to an unauthorized usurpation of judicial power; and (3) it must appear that the

---

[2] Shelton's notice of appeal provides:

"The Bureau of Workers' Compensation, the Industrial Commission of Ohio, and the employer herein, Ernest Auto Body Shop, will hereby take notice that the said claimant, Ronnie Shelton, is appealing from the decisionof [*sic*] the Cleveland Regional Borad [*sic*] of Review, dated April 19, 1984; the decision of the Staff Hearing Officer of the Industrial Commission refusing to hear the claimant's appeal from the decision of the Regional Board, was dated April 3, 1985 and was received by Plaintiff's counsel on May 6, 1985. The claim number assigned to this claim by the Ohio Bureau of Workers' Compensation is 32074-27."

refusal of the writ would result in an injury for which there is no adequate remedy.' *State, ex rel. D.P. & L. Co., v. Kistler* (1979), 57 Ohio St. 2d 21, 22."

In *Rockwell,* we held that a writ of prohibition would issue to prevent a court of common pleas from proceeding in an underlying action where it had no jurisdiction over such action. We further held, relying on *Cadle* v. *General Motors Corp.* (1976), 45 Ohio St. 2d 28, 74 O.O. 2d 50, 340 N.E. 2d 403, that under R.C. 4123.519, a court of common pleas is not vested with jurisdiction over an appeal from the regional board of review when the claimant's notice of appeal states that he is appealing from the decision of the Industrial Commission, refusing to hear the claimant's appeal.

Earlier this term, in *Fisher* v. *Mayfield* (1987), 30 Ohio St. 3d 8, 30 OBR 16, 505 N.E. 2d 975, we overruled *Cadle* and replaced its harsh rule of strict compliance with R.C. 4123.519 with a rule of substantial compliance. Our syllabus in *Fisher* provides:

"1.  The jurisdictional requirements of R.C. 4123.519 are satisfied by the filing of a timely notice of appeal which is in substantial compliance with the dictates of that statute. (*Cadle* v. *General Motors Corp.* [1976], 45 Ohio St. 2d 28, 74 O.O. 2d 50, 340 N.E. 2d 403, overruled.)

"2.  Substantial compliance for jurisdictional purposes occurs when a timely notice of appeal filed pursuant to R.C. 4123.519 includes sufficient information, in intelligible form, to place on notice all parties to a proceeding that an appeal has been filed from an identifiable final order which has determined the parties' substantive rights and liabilities."

In the case *sub judice,* Shelton's notice of appeal included "sufficient information, in intelligible form," to place all parties on notice that he was appealing "from an identifiable final order which has determined the parties' substantive rights and liabilities." The notice of appeal clearly and correctly stated Shelton's and Ernest's names and the number assigned to Shelton's claim, accurately set forth the dates of the decisions of the regional board and the Industrial Commission staff hearing officers, and undeniably indicated the fact that Shelton was appealing. Here, as in *Fisher,* "* *.* [n]o party has alleged, and no party can now demonstrate, surprise or unfair prejudice to its interest." 30 Ohio St. 3d at 11, 30 OBR at 19, 505 N.E. 2d at 978.

Therefore, we hold that Shelton's notice of appeal substantially complied with R.C. 4123.519 and thus vested the court of common pleas with jurisdiction over his appeal. Hence, no writ of prohibition will issue to prevent Judge Fuerst from proceeding with that appeal, as the three-prong test for such issuance set forth in *Rockwell* cannot be satisfied.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

SWEENEY, LOCHER, HOLMES, DOUGLAS and H. BROWN, JJ., concur.

MOYER, C.J., and WRIGHT, J., concur in judgment only.