DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Demetrie Davis appeals from the judgment of the Summit County Court of Common Pleas. We affirm.
On September 7, 1996, Davis was an employee of appellee Ameritech Network Services ("Ameritech"). Davis alleged that on or about that date he injured his right knee while in the course of his employment, and pursued a workers' compensation claim as a result. The claim was denied at all administrative levels of the Industrial Commission. Davis then filed a notice of appeal and a petition in the Summit County Court of Common Pleas. Ameritech answered and moved to dismiss the appeal on the grounds that the notice of appeal did not comply with statutory requirements. The trial court agreed and dismissed the appeal. Davis now appeals to this court.
Davis asserts one assignment of error:
 The trial court erred and abused its discretion when it dismissed appellant's appeal for lack of jurisdiction.
Davis argues that his notice of appeal, taken with his petition, substantially complies with the statutory requirements for notices of appeal from decisions of the Industrial Commission. We disagree.
R.C. 4123.512 (formerly R.C. 4123.519) governs appeals to the courts of common pleas from decisions of the Industrial Commission. The appealing party must file a notice of appeal within sixty days of the decision of the Industrial Commission. R.C. 4123.512(A). "The notice of appeal shall state the names of the claimant and the employer, the number of the claim, the date of the order appealed from, and the fact that the appellant appeals therefrom." R.C. 4123.512(B). Thirty days after the notice of appeal is filed, the claimant must file a petition showing that he has a cause of action. R.C. 4123.512(D).
The trial court acquires jurisdiction through the notice of appeal, R.C. 4123.512(A), and the notice's contents, as defined by R.C. 4123.512(B); however, "[t]he jurisdictional requirements of [R.C. 4123.512(B)] are satisfied by the filing of a timely notice of appeal which is in substantial compliance with the dictates of that statute." Fisher v. Mayfield (1987), 30 Ohio St.3d 8, paragraph one of the syllabus. The notice of appeal is in substantial compliance if it "includes sufficient information, in intelligible form, to place on notice all parties to a proceeding that an appeal has been filed from an identifiable final order which has determined the parties' substantive rights and liabilities." Id. at paragraph two of the syllabus.
Davis' notice of appeal fails to substantially comply with R.C. 4123.512(B). The caption of the notice of appeal stated his name and the name of his employer, Ameritech. The body of the notice, in its entirety, read as follows:
 NOW comes DeMetrie [sic] Davis by and through his Attorney Michael B. Bowler, and states that pursuant to Section 4123.519 [sic] of the Ohio Revised Code, he can demonstrate that he injured his right knee during the course and scope of his employment.
 WHEREFORE, Appellant prays that the Order of the Staff Hearing Officer of the Ohio Industrial [sic] shall be overruled.
WHEREFORE, trial de novo is requested.
The notice of appeal fails to state the claim number, the date of the order Davis appealed from, and the fact that Davis was appealing from that order.[1] There is no substantial compliance with R.C. 4123.512(B).
Davis argues that because his petition, filed simultaneously with the notice of appeal, states the claim number, the date of the order being appealed, and that he has appealed the order, he has substantially complied. We disagree. The petition is not required to be filed simultaneously with the notice of appeal but may be filed up to thirty days later. The notice of appeal serves to vest the trial court with jurisdiction and notify all parties of the matter being appealed. The petition serves a different purpose, that of providing the factual basis for the matter being appealed. It is not a part of the notice of appeal and cannot separately serve that purpose.
We recognize that at least one other court has permitted one document to serve as both notice of appeal and petition. SeeStebler v. Hoover Co. (May 3, 1993), Stark App. No. CA-9080, unreported. But, see, King v. Hoover Co. (July 26, 1993), Stark App. No. CA-9177, unreported, at 5 ("The statute [former R.C.4123.519(B)] does not provide for a method of consolidating these required pleadings [the notice of appeal and the petition]."). However, Stebler is distinguishable. The claimant in that case filed one combined document, and that document contained all required elements for a valid notice of appeal. In the case at bar, Davis filed a pleading captioned as a notice of appeal and a separate pleading captioned as the required petition. "It is the filing of the notice of appeal, not the filing of the petition by the claimant, which vests jurisdiction in the court." Sorge v.Copaz Packaging Corp. (Sept. 13, 1995), Hamilton App. No. C-940818, unreported, at 3-4. We decline to extend the concept of substantial compliance with R.C. 4123.512(B) so as to require other parties to an Industrial Commission proceeding to scan all documents filed by an appealing party for notice of what matter is being appealed.
Davis' notice of appeal, standing alone, fails to substantially comply with R.C. 4123.512(B). As a result, the trial court was without jurisdiction to entertain Davis' appeal, and the appeal was properly dismissed. The sole assignment of error is overruled.
Davis' assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _________________________________ JOHN W. REECE, FOR THE COURT
SLABY, P. J.
BAIRD, J., CONCUR
[1] Ameritech argues that a court of common pleas is without jurisdiction if the notice of appeal fails to name the administrator of the Industrial Commission as a party, see R.C. 4123.512(B). However, this is not one of the elements required to give the trial court jurisdiction. See Jarmon v.Ford Motor Co. (Apr. 30, 1996), Franklin App. No. 95APE10-1377, unreported, at 9.