JOURNAL ENTRY AND OPINION
Defendant-appellant Pipe Line Development Company ("appellant") appeals from the order of the Cuyahoga County Court of Common Pleas which denied its motion for entry of judgment against plaintiff-appellee Eugene P. Holmes ("appellee") predicated upon appellee's failure to prosecute his appeal. For the reasons stated below, we affirm the decision of the trial court.
The record on appeal demonstrates that appellee had an allowed workers' compensation claim for bilateral carpal tunnel syndrome. Appellee sought, but was denied, additional allowance for bilateral ulnar nerve entrapment of both hands "because such request [was] barred by the two year statute of limitations." His appeal of this order was denied by the Staff Hearing Officer after hearing held January 15, 1997. By order of March 3, 1997, the Industrial Commission refused appellee's appeal of the Staff Hearing Officer's decision, thus exhausting his administrative remedies.
Thereafter, on May 2, 1997, within sixty days after date of his receipt of the order of the Industrial Commission, appellee filed his notice of appeal in Cuyahoga County Common Pleas Court. In conformance with the requirements of R.C. 4123.512, appellee incorporated the names of claimant and employer, the number of his claim, the dates of the orders appealed from and the fact that he advances his appeal therefrom. Moreover, appellee attached and incorporated into his notice of appeal the decisions of the Industrial Commission and those of the Staff Hearing Officer.
On May 28, 1997, appellee filed the complaint. Subsequently, appellant answered and discovery ensued. In February 1998, pretrial was held at which the next pretrial was scheduled for April 21, 1998. Appellee failed to appear at the April 21 pretrial, and the trial court reset pretrial conference to May 12, 1998. Further, the court issued notice to the parties which stated in pertinent part that "* * * failure of plaintiff [appellee] to attend 5/12/98 * * * will result in sanctions including dismissal for want of prosecution." On May 13, 1998 the trial court dismissed the matter without prejudice by journal entry which stated "P.T. called on 4/21/98. Pltf. Failed to appear. Case reset pretrial for 5/12/98 and ordered pltf. to appear or face dismissal for failure to prosecute. Pltf. failed to appear at 5/12/98 pretrial. This matter is dismissed without prejudice for failure to prosecute * * * final."
On August 5, 1998, appellee filed a motion requesting the court to order the AAG Administrator's Attorney to release his file so that he can proceed with "administrative proceedings," which was denied by the court on August 24, 1998. On May 12, 1999 appellee moved for relief from judgment pursuant to Civ.R. 60 (B) citing excusable neglect and harmless error. Appellee's motion for relief was denied by the court on May 21, 1999. No appeal was taken from the denial of appellee's motion. On June 4, 1999, appellant moved for entry of final judgment pursuant to Civ.R. 41(B)(1) and (3) for appellee's failure to prosecute his appeal. Appellee filed a brief in opposition to the motion and requested the motion be stricken from the record. Appellant responded to the motion to strike on June 10, 1999. On July 23, 1999, the trial court denied appellant's motion for entry of judgment for failure to prosecute. The within appeal follows in which appellant advances a single assignment of error.
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT, PIPE LINE DEVELOPMENT COMPANY, BY OVERRULING APPELLANT'S MOTION FOR ENTRY OF JUDGMENT FOR FAILURE TO PROSECUTE, IN CONTRAVENTION OF THE REQUIREMENTS OF SECTION 2305.19 OF THE REVISED CODE AND THIS COURT'S DECISION IN RICE v. STOUFFER FOODS CORP., (DECIDED NOVEMBER 6, 1997); SAME BEING CASE NO. 72515 ON THE DOCKET OF THIS COURT.
Preliminarily, we note that appellee satisfied the jurisdictional requirements set forth in R.C. 4123.512 by filing a timely notice of appeal which is in substantial compliance with the statute because it included sufficient information, in intelligible form, to place on notice all parties to the proceeding that an appeal has been filed from an identifiable final order which determined their substantive rights and liabilities. See Fisher v. Mayfield (1987), 30 Ohio St.3d 8, 11.
Appellant, in reliance on this court's decision in Rice v.Stouffer Foods Corp. (Nov. 6, 1997), Cuyahoga App. No. 72515, unreported, asserts that the trial court erred when it denied its request that judgment finding that appellee is not entitled to participate in the workers' compensation fund be entered in its favor. Appellant argues that it is entitled to a final judgment in its favor due to appellee's failure to prosecute his lawsuit by failing to timely refile the matter pursuant to the requirements of R.C. 2305.19. Specifically, appellant contends that the court's failure to enter judgment and enforce R.C.2305.19: (1) erroneously allows appellee limitless time to re-litigate this cause of action; (2) requires the Bureau of Worker's Compensation to regard the underlying claim as "open," thus, subjecting the State Insurance fund to greater exposure than that which R.C. 4123.512 (H) provides; and (3) precludes appellant from obtaining a credit to its risk account for the previously adjudicated overpayment of Temporary Total Disability Compensation because the issue of additional allowance remains unresolved.
We find appellant's reliance on Rice v. Stouffer Foods to be misplaced under the circumstances of this case. In Rice, supra,
the employer Stouffer Foods, exercised its statutory right to appeal from an order of the Industrial Commission which allowed Rice's claim for the fracture of his right fifth metatarsal by filing its notice of appeal on March 24, 1994. Notice of the appeal was served upon Rice on October 25, 1994 thereby requiring Rice to file his complaint by November 24, 1994. Nonetheless, the trial court allowed Rice to file his complaint on June 1, 1995. The matter was scheduled for trial to commence January 17, 1996. On January 16, Rice dismissed the complaint pursuant to Civ.R. 41 (A). Thereafter, Rice failed to refile the complaint within one year as permitted by the savings statute, R.C. 2305.19. Therefore, on February 20, 1996, Stouffer moved pursuant to Civ.R. 41(B)(1) for judgment. The trial court denied Stouffer's motion as "Moot." On appeal, this court reasoned that the net effect of the procedural posture deprived Stouffer of any right to have a trial court determination of its obligation to pay benefits or to have an appeal heard, finding Rice had no economic incentive to refile his complaint. This court reversed the decision of the trial court reasoning that an employee's failure to refile his complaint within the savings statute operates as a forfeiture of his right to participate in the workers' compensation system. Thus, this court found that a trial court's refusal to enter judgment for the employer upon an employee's failure to refile his action effectively renders the employer's right to appeal a nullity because the employer cannot obtain its desired relief, i.e., a court order denying the employee the right to participate in the system.
Such is not the case in the matter before us and we do not findRice to be controlling under the circumstances of this case. Unlike Rice, the matter sub judice does not involve an employer appeal from the Industrial Commission's allowance of a claim for an employee. In this case, the order from which the appeal was brought to the Court of Common Pleas was an order which denied appellee, the employee, the right to participate in the system for the additional condition of bilateral ulnar nerve entrapment, both elbows and hands. Appellee filed a notice of appeal of this determination; he filed his complaint and, ultimately, his complaint was dismissed without prejudice by the trial court for want of prosecution.
R.C. 2305.19, the savings statute, is applicable to workers' compensation complaints. Lewis v. Connor (1985), 21 Ohio St.3d 1, syllabus; see, also, Rice v. Stouffer Foods Corp., supra; Rogersv. Ford Motor Co., (Aug. 18, 1994), Cuyahoga App. No. 66118, unreported at 5-6. That statute provides that a complaint may be refiled within one year of a dismissal without prejudice. R.C.2305.19.
Here, the record demonstrates that appellee failed to refile his complaint within the one-year time constraint as imposed by R.C. 2305.19. Thus, appellee no longer maintains the right to refile his complaint in order to challenge the decision entered against him in the administrative proceedings. As a consequence of appellee's failure to timely prosecute his appeal, the decision in favor of appellant cannot be further challenged.
We find that appellant suffers no prejudice from the trial court's denial of its motion. Appellee's claim was not allowed, payments upon the claim were not made by appellant. Should appellee attempt to refile his appeal of the decision which denied his participation in the fund, such appeal would be barred by the statutory time limitation imposed in R.C. 2305.19 and the matter would be subject to dismissal with prejudice. Finally, we find no merit in appellant's assertion that it is precluded from obtaining credit to its risk account while this issue remains "unresolved." The issue has been resolved in appellant's favor and no further appeals lie from that decision.
Accordingly, we do not find error in the trial court's denial of appellant's motion for entry of judgment under the circumstances of this case.
Judgment affirmed.
It is ordered that appellee recover of appellants his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
O'DONNELL, P.J. and ROCCO, J., CONCUR.
 _______________________________ TIMOTHY E. McMONAGLE JUDGE