JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Elizabeth W. Connelly ("Connelly") appeals the judgment of the Cuyahoga County Court of Common Pleas which dismissed her administrative appeal against appellees Parma Community General Hospital ("PCGH") and James Conrad, Administrator, Bureau of Workers' Compensation. For the reasons adduced below, we reverse and remand
 {¶ 2} The following facts give rise to this appeal. Connelly was allegedly injured on May 17, 2002, while performing work duties at PCGH. Connelly filed an application for workers' compensation benefits that was denied by a district hearing officer of the Industrial Commission of Ohio. The district hearing officer's decision was affirmed by a staff hearing officer. Connelly appealed the decision of the staff hearing officer to the Industrial Commission, but her appeal was refused.
 {¶ 3} Thereafter, Connelly filed a notice of appeal in the Cuyahoga County Court of Common Pleas. The notice of appeal provided that Connelly was "appealing the decision of the Industrial Commission entered at Akron, Ohio dated February 20, 2003 and mailed February 25, 2003." PCGH then moved to dismiss the appeal arguing that Connelly had appealed the wrong order and that the proper order from which to appeal was the staff hearing officer's decision. Also, the notice incorrectly stated that the decision had been entered in Akron.
 {¶ 4} Connelly filed a brief in opposition arguing that she had substantially complied with the statutory requirements for her notice of appeal and that her appeal should be allowed. Connelly indicated that the notice of appeal was served with a complaint that set forth the procedural history of the case and that the law firm representing PCGH was the same firm involved throughout the administrative hearings. Therefore, Connelly asserted PCGH's contention that it was unaware of which order was being appealed was disingenuous.
 {¶ 5} The trial court granted PCGH's motion to dismiss. The court determined that Connelly had appealed from the wrong order, the court did not have jurisdiction to hear an appeal regarding the Industrial Commission's refusal to allow further administrative review, and Connelly, by identifying the wrong order, failed to provide sufficient notice of the appeal to the parties.
 {¶ 6} Connelly has appealed the trial court's ruling raising one assignment of error for our review which provides as follows:
 {¶ 7} "The trial court erred when it granted [PCGH]'s Motion to Dismiss."
 {¶ 8} R.C. 5123.512 (formerly R.C. 5123.519) sets forth the requirements by which a claimant or employer may appeal from decisions of the Industrial Commission. R.C. 5123.512(A) provides in relevant part:
"The claimant or the employer may appeal an order of theindustrial commission made under division (E) of section 4123.511[4123.51.1] of the Revised Code in any injury or occupationaldisease case * * * Like appeal may be taken from an order of astaff hearing officer made under division (D) of section 4123.511[4123.51.1] of the Revised Code from which the commission hasrefused to hear an appeal * * *."
 {¶ 9} R.C. 4123.512(B) sets forth the required content of the notice of appeal, providing:
"(B) The notice of appeal shall state the names of theclaimant and the employer, the number of the claim, the date ofthe order appealed from, and the fact that the appellant appealstherefrom."
 {¶ 10} In this action, the parties do not dispute that the notice of appeal identified the names of the claimant and employer, the claim number, and the fact that Connelly was appealing. However, the notice identified an improper order from which the appeal was taken. The notice provided that Connelly was "appealing the decision of the Industrial Commission entered at Akron, Ohio dated February 20, 2003 and mailed February 25, 2003." The decision of the Industrial Commission was a refusal to hear the appeal and was not an appealable order.
 {¶ 11} Where the Industrial Commission refuses to review a decision of a staff hearing officer, the proper order from which an appeal may be taken is the order of the staff hearing officer. See State ex rel. Ernest Auto Body Shop v. Fuerst (1987),30 Ohio St.3d 138; Dorrington v. John Hancock Mutual Life Ins. Co.
(Sep. 11, 1986), Cuyahoga App. Nos. 50694, 50617. Although an improper order was identified, Connelly argues that she substantially complied with the statutory requirements.
 {¶ 12} In Fisher v. Mayfield (1987), 30 Ohio St.3d 8, the Supreme Court of Ohio established a rule of substantial compliance with respect to the requirements of R.C. 4123.512. The court expressly noted that the "jurisdictional requirements of R.C. [4123.512] are satisfied by the filing of a timely notice of appeal which is in substantial compliance with the dictates of that statute." Id. at paragraph one of the syllabus, construing former R.C. 4123.519. The court further indicated that "[s]ubstantial compliance for jurisdictional purposes occurs when a timely notice of appeal filed pursuant to R.C. [4123.512] includes sufficient information, in intelligible form, to place on notice all parties to a proceeding that an appeal has been filed from an identifiable final order which has determined the parties' substantive rights and liabilities." Id. at paragraph two of the syllabus.
 {¶ 13} In Fisher, the court found a notice of appeal that designated an incorrect order sufficiently complied with the jurisdictional dictates imposed by statute and met the requirements of substantial compliance. Id. at 11. The court further indicated that "[b]y correctly designating the parties to the action, and the case number, all concerned parties had sufficient information from which they could determine that a particular claim or action was forthcoming. No party has alleged, and no party can now demonstrate, surprise or unfair prejudice to its interest." Id. In several other cases involving a notice of appeal that designated an incorrect order being appealed, the courts have found that the substantial compliance standard has been satisfied. State ex rel. Ernest Auto Body Shop,30 Ohio St.3d 138 (declining to issue a writ of prohibition to prevent review where notice of appeal referred to the incorrect decision but otherwise complied with the statutory requirements); Day v.Mayfield (Apr. 30, 1987), Shelby App. No. 17-85-19 (finding court of common pleas was not deprived of jurisdiction where notice of appeal referred to the wrong decision); see also,Tudor v. Mayfield (1989), 62 Ohio App.3d 633 (finding substantial compliance where the employer was misidentified).
 {¶ 14} In Dorrington, supra, this court dealt with a similar issue where the claimant appealed from an order of the Industrial Commission that refused to hear an appeal from the Regional Board of Review's disallowance of a claim. We found that the notice was in substantial compliance with the statutory appeal provisions, stating: "While an appeal cannot be taken from the commission's denial order, an appeal may be taken from the decision of the Board of Review on the merits on the same claim. It is `readily apparent' that the claimant appeals from the Board's decision on the numbered claim, since a claimant cannot appeal a denial order." Id. We further noted that no evidence had been shown that the purpose of the notice was not met. Id.
 {¶ 15} We recognize that this court reached a different conclusion in Walker v. Trimble (Oct. 20, 1994), Cuyahoga App. No. 66303 (finding claimant failed to place concerned parties on sufficient notice as to the particular final order being appealed by incorrectly designating the order being appealed). We also recognize that the trial court relied upon Walker in reaching its decision; however, Walker is distinguishable from this case. We note that Walker was decided upon a predecessor statute, R.C. 4123.519, which no longer exists. Further, in this case the notice of appeal was served with the complaint upon Connelly's employer. The complaint detailed the findings of the staff hearing officer. Therefore, in this case, while the incorrect order was designated on the notice of appeal, Connelly detailed the substance of the staff hearing officer's order in her complaint and the purpose of the notice was met.
 {¶ 16} As the Fisher court indicated, a determination of substantial compliance should be guided by the fundamental tenet of judicial review in Ohio that courts should decide cases on their merits. Fisher, 30 Ohio St.3d at 11, citing DeHart v.Aetna Life Ins. Co. (1982), 69 Ohio St.2d 189, 192. Further, as already noted, courts should consider whether any surprise or unfair prejudice has been shown. Fisher, 30 Ohio St.3d at 11;Dorrington, supra.
 {¶ 17} In the instant case, the notice of appeal correctly identified the parties and the claim number. Because an appeal could not be taken from the Industrial Commission's refusal order and the staff hearing officer's decision was detailed in the complaint, it should have been readily apparent that Connelly was appealing the decision of the staff hearing officer on the merits of her claim. Further, PCGH did not allege or demonstrate any surprise or unfair prejudice. We find the record before us established that Connelly substantially complied with the requirements of R.C. 4123.512 and that the notice of appeal was sufficient to confer jurisdiction on the Cuyahoga County Court of Common Pleas.
Judgment reversed and remanded.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellees costs herein.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, P.J., and Dyke, J., concur.