DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Darrell V. Howard, appeals from the decision of the Summit County Court of Common Pleas granting the motion of Appellee, Penske Logistics, LLC, ("Penske"), to dismiss his case due to lack of jurisdiction. We affirm.
 I {¶ 2} On December 2, 1999, Howard was injured in a motor vehicle accident during the course of his employment with Penske. He sustained injuries to his chest, left arm, and shoulder. Howard filed Claim Number 99-800486 with the Ohio Bureau of Worker's Compensation ("BWC"), which was allowed.
 {¶ 3} On or about March 15, 2007, Howard filed a motion with the Industrial Commission of Ohio to allow additional conditions on his claim. His request to allow additional conditions was denied at all administrative levels of the Industrial Commission. *Page 2 
 {¶ 4} On November 30, 2007, Howard, acting pro se, filed a notice of administrative appeal with the Summit County Common Pleas Court. On January 10, 2008, Penske filed a motion to dismiss, claiming that Howard's filing failed to meet the requirements of R.C. 4123.512 for notice of appeal. Penske amended its motion to dismiss on January 17, 2007. The trial court granted Penske's amended motion on April 24, 2008, finding that the court lacked jurisdiction to hear Howard's appeal.
 {¶ 5} Howard timely appeals the trial court's decision and raises one assignment of error for our review.
 II Assignment of Error "THE TRIAL COURT ERRED WHEN IT HELD IT LACKED SUBJECT MATTER JURISDICTION TO HEAR APPELLANT DARRELL HOWARD'S NOTICE OF APPEAL."
 {¶ 6} Howard contends that the trial court erred by finding that it lacked subject matter jurisdiction to hear his appeal. Specifically, Howard argues that the notice of appeal he filed with the trial court on November 30, 2007 was in substantial compliance with the requirements of R.C. 4123.512(B) and, as such, the court should not have granted Penske's motion to dismiss. We disagree.
 {¶ 7} This Court reviews de novo a trial court's decision to grant a motion to dismiss. Niepsuj v. Summa Health Sys., 9th Dist. Nos. 21557 21559, 2004-Ohio-115, at ¶ 5.
 {¶ 8} R.C. 4123.512 governs appeals to the courts of common pleas from decisions of the Industrial Commission. The trial court acquires jurisdiction through the notice of appeal, R.C. 4123.512(A), and the notice's contents, as defined by R.C. 4123.512(B). Specifically, R.C. 4123.512(B) provides: *Page 3 
 "The notice of appeal shall state the names of the claimant and the employer, the number of the claim, the date of the order appealed from, and the fact that the appellant appeals therefrom.
 "The administrator of workers' compensation, the claimant, and the employer shall be parties to the appeal and the court, upon the application of the commission, shall make the commission a party. The party filing the appeal shall serve a copy of the notice of appeal on the administrator at the central office of the bureau of workers' compensation in Columbus. The administrator shall notify the employer that if the employer fails to become an active party to the appeal, then the administrator may act on behalf of the employer and the results of the appeal could have an adverse effect upon the employer's premium rates."
 {¶ 9} The Ohio Supreme Court has held the following with respect to compliance with the requirements of R.C. 4123.512 (formerly codified as R.C. 4123.519):
 "1. The jurisdictional requirements of R.C. 4123.519 are satisfied by the filing of a timely notice of appeal which is in substantial compliance with the dictates of that statute. (Cadle v. General Motors Corp. [1976], 45 Ohio St.2d 28, overruled.)
 "2. Substantial compliance for jurisdictional purposes occurs when a timely notice of appeal filed pursuant to R.C. 4123.519 includes sufficient information, in intelligible form, to place on notice all parties to a proceeding that an appeal has been filed from an identifiable final order which has determined the parties' substantive rights and liabilities." (Emphasis added.) Fisher v. Mayfield (1987), 30 Ohio St.3d 8, paragraphs one and two of the syllabus.
Further, the Court has concluded that "the purpose of a notice of appeal is to set forth the names of the parties and to advise those parties that an appeal of a particular claim is forthcoming." Wells v. ChryslerCorp. (1984), 15 Ohio St.3d 21, 24.
 {¶ 10} Howard's notice of appeal is fatally defective in that it fails to identify the final order from which he appeals and fails to place all parties of the appeal on notice. Therefore, the filing does not meet the requirements for substantial compliance, as identified by the Supreme Court, for the trial court to acquire jurisdiction.
 {¶ 11} R.C. 4123.512(B) requires a notice of appeal to contain five elements: (1) the name of the claimant, (2) the name of the employer, (3) the number of the claim, (4) the date of *Page 4 
the order appealed from, and (5) the fact that the appellant appeals therefrom. Upon review of Howard's filing, we find that it fails to contain two of the five required elements. First, the notice does not include the date of the order Howard appeals. Second, while Howard states that he wants to "appeal the decision of the Industrial Commission to the Summit County Court of Common Pleas," he does not specify from which order he is appealing. Howard's failure to specify the order from which he is appealing is particularly critical in determining whether his notice satisfies the Supreme Court's standard for substantial compliance with the statute. See Fisher, supra.
 {¶ 12} Howard's notice includes his name, the name of his employer, and the number of the claim. However, his notice does not name the administrator of the BWC as a party to the case. More importantly, his filing specifically directs the clerk of courts to limit service of his filing such that only the law firm representing Penske is served. Therefore, neither Penske nor the BWC administrator was placed on notice by the filing, as required. (While Howard filed a reply appellate brief with an affidavit attesting that he served both Penske and the BWC by mail some three months after filing his notice of appeal, the affidavit was executed on July 2, 2008, well beyond the date of the trial court's order. As such, we decline to consider this evidence and grant Penske's July 9, 2008 motion to strike accordingly.) Similar to his failure to identify the order from which he is appealing, Howard's failure to place all parties on notice is also particularly critical when assessing substantial compliance with the requirements of the statute. SeeFisher, supra.
 {¶ 13} In Davis v. Ohio Industrial Com'n (May 27, 1998), 9th District No. 18656, we found a worker's compensation notice of appeal to the Summit County Common Pleas Court similarly defective. In Davis, the appellant's notice of appeal failed to include the claim number, *Page 5 
the date of the order being appealed from, and the fact that the appellant was appealing from the order. Id. at *2. We determined that the trial court properly dismissed the appeal because the notice was deficient and the court lacked jurisdiction to consider it. Id. Although, in contrast to Davis, Howard's notice of appeal includes his claim number, he still simply fails to identify the order he is appealing from and fails to specify its date. Moreover, Howard's filing is further deficient because it fails to notify all parties to his appeal and specifically directs that service be restricted. No similar deficiency was identified in Davis, yet this Court still determined theDavis notice to be defective. Id.
 {¶ 14} Howard argues that not all five of the jurisdictional requirements of R.C. 4123.512(B) need be met to vest jurisdiction in the common pleas court. Howard concedes that he failed to indicate the date of the order from which he was appealing, but contends that listing the claim and file numbers as well as identifying the additional conditions that he was appealing was sufficient to satisfy the requirements of the statute. We disagree. Neither the specific order nor the date of the order was specified. Howard's filing failed to identify the order he was appealing from with enough particularity to satisfy the substantial compliance standard.
 {¶ 15} Howard also argues that the BWC administrator need not be named in his notice of appeal for the court to obtain jurisdiction. However, not only did he fail to name the administrator, but he restricted her from receiving service. Moreover, he restricted Penske from being served, as well. Howard simply failed to put all parties on notice as required to be in substantial compliance.
 {¶ 16} Howard's notice of appeal is deficient in several respects. In particular, his failure to identify the order from which he is appealing and his failure to notify all parties cause us to conclude that his filing is not in substantial compliance with the requirements of *Page 6 
R.C. 4123.512(B). Therefore, the trial court did not err in determining it did not acquire jurisdiction to hear his appeal. Howard's sole assignment of error is overruled accordingly.
 III {¶ 17} Howard's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
 SLABY, P. J. DICKINSON, J. CONCUR *Page 1